**LEON SPRINGS GAS CO. d/b/a Rudy's Country Store & Bar-B-Q, Appellant,**

v.

**RESTAURANT EQUIPMENT LEASING CO., Appellee.**

No. 04–97–00173–CV.

Court of Appeals of Texas, San Antonio.

Dec. 17, 1997.

Robert John Myers, Hector Gonzalez, III, Robert John Myers & Associates, San Antonio, for Appellant.

Kevin M. Warburton, Holmes T. Bennett, Gardner & Ferguson, Inc., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

LOPEZ, Justice.

This appeal concerns the effect of plaintiff's nonsuit under Rule 162 on defendant's pending claim for attorney's fees on a breach of contract claim and pursuant to a counterclaim for sanctions. For the reasons stated in this opinion, we affirm in part, and reverse and remand the remainder of the case to the trial court for further proceedings.

### Facts

Restaurant Equipment Leasing Company ("Restaurant Equipment") leased ice-making machines to Leon Springs Gas Company d/b/a Rudy's Country Store and Bar–B–Q ("Rudy's"). Consideration was exchanged. The equipment didn't work right, so Rudy's unplugged them, told Restaurant Equipment to pick them up, and stopped making lease payments. Restaurant Equipment picked the machines up and sued for breach of contract. Rudy's raised affirmative defenses and asked for attorney's fees. Following discovery, Rudy's filed a motion for partial summary judgment asking for a take nothing judgment against the lessor. Restaurant Equipment filed a non-suit before the summary judgment motion was heard. Following the filing of the non-suit, Rudy's counterclaimed for sanctions for filing a frivolous suit.[1] At the hearing, the court denied the partial summary judgment motion as moot and dismissed all remaining claims for relief.

On Nov. 14, 1996, the only setting on the court's docket in this matter was Rudy's partial summary judgment motion. Restaurant Equipment had not filed a response, rather it filed a non-suit. The only evidence presented was attached to the motion for partial summary judgment. No testimony was offered. The court essentially dismissed the entire case as moot, and denied sanctions for want of evidence. Each party submitted its version of the rulings and Judge Canales signed them both on November 19, 1996.[2]

1. The relevant pleadings on file at the time of the hearing included:

| | |
|---|---|
| 02/13/95 | P's original petition for breach of contract, interest, attorney fees |
| 01/02/96 | D's orig. answer is general denial |
| 02/23/96 | D's first amended original answer (sworn) also pleads for attorney fees |
| 10/10/96 | D's Motion for partial summary judgment (that P take nothing on contract claim) |
| 10/25/96 | P's Notice of Nonsuit without prejudice of refiling |
| 11/01/96 | D's 2d amended original answer with counterclaim for sanctions |

2. The Orders appealed are:

| | |
|---|---|
| 11/14/96 | Hearing on motion for partial summary judgment (only motion set) |
| 11/19/96 | ORDER signed by J. Canales (prepared by D's attorneys) |

* finds P nonsuited; D has no claims for affirmative relief
* denies motion for partial summary judgment as moot
* dismisses D's cause and relief requested, including attorney fees, as moot
* directs D to file separate suit for attorney's fees if to pursue them
* finds request for sanctions, filed after nonsuit, survived nonsuit, D announced not ready on sanc-

Appellant's points of error ("POE") fall into five categories: whether the court erred in dismissing the entire case when Rudy's had requests for affirmative relief on file (POE Nos. 1, 6 & 7); whether it was error to dismiss Rudy's claims for affirmative relief without notice of hearing or a trial on the merits (POE Nos. 2, 6 & 7); whether it was error to deny Rudy's motion for partial summary judgment (POE No. 3); whether the court erred in denying a right to trial by jury (POE No. 4); and whether it erred in failing to assess costs to appellant (POE No. 5).

### The Standard of Review

In appellant's sixth and seventh points of error, Rudy's contends that the evidence is both legally and factually insufficient to support the court's dismissal. However, the issues before us involve procedural propriety and are, therefore, legal issues. Appellee suggests that there is really nothing to review here. The occasion for the hearing below was a motion for partial summary judgment which was denied as moot. We agree that that portion of the orders denying partial summary judgment does not fall within the parameters of interlocutory appellate review. See Tex. Civ. Prac. & Rem.Code § 51.014. This is not an interlocutory appeal, however, because the orders complained of disposed of all parties and all claims. We will review the record under an abuse of discretion standard. Abuse of discretion is the exercise of a "vested power in a manner that is contrary to law or reason." *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 935 (Tex.App.—Austin 1987, no writ).

### The Effect of a Nonsuit

Rule 162 permits a plaintiff to voluntarily dismiss his claims or nonsuit a party opponent at any time before he has introduced all his evidence other than rebuttal evidence. Tex.R. Civ. P. 162. Under the circumstances presented here, a plaintiff has a right to take a nonsuit after the defendant files a motion for summary judgment, up to the time the court announces a summary judgment. See *Taliaferro v. Smith*, 804 S.W.2d 548, 550 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Extended Servs. Program, Inc. v. First Extended Serv. Corp.*, 601 S.W.2d 469, 471 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). "The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990); *Greenberg v. Brookshire*, 640 S.W.2d 870, 871 (Tex.1982); *McQuillen v. Hughes*, 626 S.W.2d 495, 496 (Tex.1981). Our review of the court's dismissal requires that we first determine whether Rudy's claim for attorney's fees stated a claim for affirmative relief.

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.

*General Land Office v. OXY U.S.A., Inc.* 789 S.W.2d 569, 570 (Tex.1990) (quoting *Weaver v. Jock*, 717 S.W.2d 654, 657 (Tex.App.—Waco 1986, writ ref'd n.r.e.). Where a defendant does no more than resist plaintiff's claim, the right to take a nonsuit is absolute. *General Land Office*, 789 S.W.2d at 570. Even where the defendant employs artful pleading to present affirmative defenses in the form of a declaratory judgment counterclaim, the plaintiff has the right to obtain a dismissal of the entire suit. See *Newman Oil Co. v. Alkek*, 614 S.W.2d 653, 655 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.) (holding defendants' counterclaim nothing

tions, objection overruled, sanctions denied
* denies all other relief, no costs awarded.
11/19/96 ORDER signed by J. Canales (prepared by P's attorneys)
* recites motion for partial summary judgment and sanctions heard

* recites court considered motions, case law, arguments of counsel, and testimony presented at the hearing (there was no testimony)
* finds motion for partial summary judgment moot due to P's nonsuit
* finds D should refile claim for fees
* denies sanctions
* denies all relief

more than denial of plaintiffs' cause of action).

◾ Rudy's argues that its first amended original answer raised an affirmative claim for attorney's fees for breach of contract. The answer has four parts: (1) it raises a defect of parties by specially denying Rudy's alleged status as a corporation, supported by a sworn affidavit; (2) it raises affirmative defenses [3]; (3) makes a general denial; and (4) seeks to recover reasonable attorney's fees and costs in connection with its defense of the suit. The prayer also seeks recovery of fees and costs.

Because Rudy's allegations in response to the breach of contract claims are presented only as affirmative defenses, their effect is confined to strategies of avoidance. At the hearing, the trial court told appellant's counsel, "I've read your answer. I don't think it asks for affirmative relief. The nonsuit stands as far as I'm concerned."

◾ A request for attorney's fees made in connection with a contract dispute may be a request for affirmative relief. *See* TEX. CIV. PRAC. & REM.CODE § 38.001. This request, however, must be made in connection with the underlying contract claim. *See id.* at § 38.002.[4] Because Rudy's has made no claim for damages against Restaurant Equipment pursuant to the equipment lease, there is no basis for recovery of attorney's fees under the lease.[5] *See Melson v. Stemma Exploration and Production Co.,* 801 S.W.2d 601, 604 (Tex.App.—Dallas 1990, no writ) (citing *American Airlines, Inc. v. Swest Inc.,* 707 S.W.2d 545, 547 (Tex.1986)). We agree with the trial court that appellant's live pleadings at the time the nonsuit was filed did not state a claim for affirmative relief.

◾ At oral argument, appellant cited to our opinion in *De La Rosa v. Kaples* which

has recognized cases where attorney's fees are awarded in defense of a contract suit even though the jury awarded no damages. In such cases, however, the successful defendant filed a counterclaim for actual damages and sought attorney's fees both for defending and prosecuting the contract claim. *See De La Rosa v. Kaples,* 812 S.W.2d 432, 433 (Tex.App.—San Antonio 1991, writ denied). We stated:

Although Article 2226 and § 38.001 do not provide for attorney's fees for the pure defense of a claim, "there is an exception to the general rule of law for cases in which the matters encompassed by the claim and counterclaim are indistinguishable, where they arose from the same transactions, where the same facts required to prosecute the claim are required to defend against the counterclaim"; under these circumstances, attorney's fees are appropriate.

*Id.* at 434 (quoting *Veale v. Rose,* 657 S.W.2d 834, 841 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Rudy's affirmative defenses may very well have formed the basis of a counterclaim for damages, however, they had not been presented in such form prior to the filing of plaintiff's nonsuit. The nonsuit rendered moot the matters raised in Rudy's pending motion for partial summary judgment as of October 25, 1996. The portion of Appellant's point of error which deals with Rudy's affirmative defenses, as well as points of error three, six and seven are overruled.

### Sanctions

◾ Rudy's, however, amended its pleadings on November 1, 1996, to add a counterclaim for sanctions, pursuant to Texas Civil Practice and Remedies Code section 10.001 and Rule 13 of the rules of civil procedure, against Restaurant Equipment for filing a

---

**3.** It denies the existence of the contract and, among other things, alleges failure of consideration and usury. It also alleges accord and satisfaction, a failure to mitigate damages, payment, waiver, and release.

**4.** The elements necessary to recovery of attorney's fees under this statute are: (1) recovery of a valid claim on a written or oral contract; (2) representation by an attorney; (3) presentment of the claim to the opposing party; and (4)

failure to pay the just amount owed within thirty days of presentment. TEX. CIV. PRAC. & REM CODE § 38.002; *see Novosad v. Mid–Century Ins. Co.,* 881 S.W.2d 546, 552 (Tex.App.—San Antonio 1994, no writ).

**5.** This conclusion does not effect, however, Rudy's efforts to seek recovery of its attorney's fees in the counterclaim for sanctions.

frivolous claim. Two weeks later, the parties appeared before the court for the hearing on the motion for partial summary judgment. The trial court denied the motion and dismissed the attorney's fees claim as a result of the nonsuit. It then took up the counterclaim for sanctions. The court noted that the sanctions claim survived the nonsuit. The court then asked Rudy's attorney, "What evidence do you have to give me there's a frivolous lawsuit filed?" Following a brief summary of the basis for the claim, Rudy's counsel stated he was prepared that day only to argue the relative merits of the motion for partial summary judgment—the only motion set on the docket that day. The court, nevertheless, without hearing any evidence ruled: "I don't think this is sanctionable stuff so that's denied." Appellant asked whether Rudy's allegation of bad faith was a matter for the jury. The court reiterated,

> I've ruled. I'm ruling the nonsuit holds. I'm ruling that the sanctions survived it, but I don't have any evidence before me to show sanctions should be—the Motion for Sanctions survived it because obviously this case says it did, but I don't believe there's any evidence that warrants sanctions being signed.

Counsel again reminded the court that he was not prepared to present evidence on sanctions at this setting, that the partial summary judgment motion was the only thing set on the docket, that the sanctions pleading was only recently filed in an amended answer. The court replied, " I thought I was hearing the Motion for Sanctions today. I thought I heard you say you were asking me to grant sanctions today. The ruling stands."

■ When the trial court dismisses a suit without a fact hearing, the court could not have determined the suit had no arguable basis in fact. *Morris v. Collins*, 916 S.W.2d 527, 528 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex.App.—Houston [1st Dist.] 1993, no writ). The supreme court has held that, in such a case, we must consider whether the trial court properly determined there is no

arguable basis in law for the suit. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990).

Rule 162 expressly provides that

> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

TEX.R. CIV. P. 162. The trial court was correct when it recognized that the sanctions motion survived the nonsuit. It was an abuse of discretion, however, to deny the claim for sanctions before appellant had an opportunity to prepare witnesses and documentary evidence to support this claim. There was no such setting on the docket. The record does not indicate that appellant permitted this issue to be tried by consent. Appellant's references to sanctions at the hearing were in the context of showing the court that claims for affirmative relief were on file and survived the nonsuit. Appellant's first and second points of error are sustained as to its claim for sanctions. We know of no basis in the law for making the determination the trial court made without notice and an opportunity to present evidence.

■ At the November 14, 1996 hearing, the trial court opined that Rudy's needed to "refile another lawsuit." A month later, the supreme court clarified that a motion for sanctions filed after a nonsuit was taken should be treated the same as any postjudgment motion while the court has plenary jurisdiction. *See Scott & White Mem. Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996). Thus, it is not necessary to refile a claim for sanctions in a case such as this where the pleadings were on file during the pendency of the court's plenary jurisdiction. Indeed, it is in the interest of judicial economy that the court already somewhat familiar with the case hear the sanctions issue as well.

### Right to a Jury Trial

Appellant also argues that the orders denying all relief violated Rudy's right to a trial by jury as guaranteed by the Seventh Amendment to the United States Constitution. The record reflects that a jury demand was made by Restaurant Equipment on July 24, 1996. Appellant does not explain how its opponent's demand for a jury trial survived the nonsuit the following October. Appellant's fourth point of error is overruled.

### Costs

Appellant complains of error in the failure to assess costs against Restaurant Equipment. We agree that costs should have been assessed against the dismissing plaintiff, Restaurant Equipment. *See* Tex.R. Civ. P. 162. The "Mother Hubbard" language in one of the orders clearly is in conflict with this rule. Appellant's fifth point of error is sustained.

### Summary

We find that the court abused its discretion in dismissing Rudy's counterclaim for sanctions when the matter was not properly noticed for a hearing on the merits. We further find that the court erred when it entered two orders simultaneously but with conflicting terms, and further erred in failing to award costs of court to Rudy's with regard to the claims nonsuited by Restaurant Equipment. The remaining points of error are overruled. The orders entered November 17, 1996 are reversed, and the cause is remanded for further proceedings.