**PACE CONCERTS, LTD., Pace Entertainment Corporation, and SFX Entertainment, Inc., Appellants,**

v.

**Raul RESENDEZ d/b/a Resendez & Associates, Appellee.**

No. 04–01–00265–CV.

Court of Appeals of Texas, San Antonio.

Jan. 16, 2002.

Rehearing Overruled Feb. 7, 2002.

Cynthia Hollingsworth, Joshua S. Roseman, Dallas, Geoffrey H. Bracken, Houston, Gardere Wynne Sewell L.L.P., Emerson Banack, Jr., Langley & Banack, Inc., San Antonio, for appellants.

James E. Willingham, Jr., Law Offices of Pat Maloney, P.C., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice,[1] and PAUL W. GREEN, Justice.

Opinion by PAUL W. GREEN, Justice.

In this appeal, we are asked to determine whether a plaintiff has the right to take a non-suit after a no-evidence summary judgment hearing but before the trial court's ruling. Appellees, Pace Concerts, Ltd., Pace Entertainment Corporation, and SFX Entertainment, Inc. (collectively referred to as "Pace") contend the trial court erred when it allowed appellant Raul Resendez to take a non-suit because the non-suit was filed after the hearing on Pace's no-evidence motion for summary judgment and Pace had stated a counterclaim for affirmative relief. We affirm the trial court's judgment.

## Background

Resendez filed suit alleging Pace breached a ten-year oral partnership agreement to promote and produce Hispanic/Latin/Mexican musical events. Pace counterclaimed for declaratory judgment and attorney's fees under section 37.001 of the Texas Civil Practice and Remedies Code. After a period of discovery, Pace filed no-evidence and traditional summary judgment motions. Resendez responded and a hearing was held. After the hearing, but before the trial court ruled on the motions, Resendez filed a non-suit of all

---

1. Justice Tom Rickhoff not participating.

claims. The trial court signed an order acknowledging the non-suit, and without further hearings or motions, also signed an order "denying" Pace's counterclaim and request for attorney's fees. Pace's motion for reinstatement of the counterclaim was denied.

Pace appeals on three points of error. First, Pace contends Resendez lost the right to non-suit after Resendez presented his evidence in response to the no-evidence motion for summary judgment. Pace also claims the trial court erred in dismissing its counterclaim for affirmative relief and attorney's fees solely on the basis of the non-suit. In two counter-points, Resendez contends the counterclaim and attorney's fees were denied on the merits and that Pace is estopped from challenging the non-suit on appeal.[2]

## Discussion

### A. Resendez's Right to Non-suit

■ We review *de novo* the legal issue of whether a plaintiff may take a non-suit after its evidence in response to a no-evidence motion for summary judgment has been filed. *See Tex. Dep't of Pub. Safety v. Stockton*, 53 S.W.3d 421, 423 (Tex.App.-San Antonio 2001, pet. denied); *Spiller v. Spiller*, 901 S.W.2d 553, 556 (Tex.App.-San Antonio 1995, writ denied). The trial court's conclusions of law will be upheld if the judgment can be sustained on any legal theory supported by the evidence; they will not be reversed unless they are erroneous as a matter of law. *See Stockton*, 53 S.W.3d at 423.

■ Texas Rule of Civil Procedure 162 allows a plaintiff to dismiss or a non-suit a case "any time before the plaintiff has introduced all of his evidence other than

rebuttal evidence." In the context of traditional summary judgment proceedings, the plaintiff may take a non-suit at any time before the trial court renders its decision. *Leon Springs Gas Co. v. Restaurant Equip. Leasing Co.*, 961 S.W.2d 574, 577 (Tex.App.-San Antonio 1997, no pet.); *Taliaferro v. Smith*, 804 S.W.2d 548, 549–50 (Tex.App.-Houston [14th Dist.] 1991, no writ) (plaintiff may non-suit after failing to timely respond to motion for summary judgment). Pace argues that a no-evidence summary judgment is different because the plaintiff's suit will be dismissed unless the plaintiff comes forward with some evidence. We disagree.

■ Resendez was not required to come forward with "all of his evidence" in order to respond to summary judgment, only sufficient evidence to raise a question of fact. Tex.R. Civ. P. 166a(i). Just as in a traditional summary judgment, the evidence submitted in response to a no-evidence summary judgment motion need not be "all the evidence" available to the plaintiff. *See id.; Extended Servs. Program, Inc. v. First Extended Serv. Corp.*, 601 S.W.2d 469, 471 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e). Accordingly, we hold Resendez did not lose the right to non-suit simply because Pace may have been in a position to prevail on summary judgment. *See Martinez v. Lakshmikanth*, 1 S.W.3d 144, 149 (Tex.App.-Corpus Christi 1999, pet. denied) (plaintiffs in medical malpractice case were entitled to non-suit even though defendants could have moved for dismissal with prejudice for plaintiffs' failure to timely file expert report); *Osteen v. Glynn Dodson, Inc.*, 875 S.W.2d 429, 431 (Tex.App.-Waco 1994, writ denied) (plain-

---

**2.** Resendez also claims Pace Entertainment and SFX are not proper parties to the appeal. As defendants below, Pace Entertainment and

SFX have standing to challenge the non-suit on the same grounds as Pace Concerts.

tiff entitled to non-suit to avoid summary judgment filed on deemed admissions).

### B. Counterclaim for Affirmative Relief

█ In its second and third points of error, Pace claims the trial court erred in dismissing its counterclaim and attorney's fees because the counterclaim stated a claim for affirmative relief. A plaintiff's non-suit may not affect the right of the defendant to be heard on a pending claim for affirmative relief. TEX.R. CIV. P. 162. Therefore, Resendez's right to take a non-suit is unqualified and absolute as long as Pace has not made a claim for affirmative relief. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990). A counterclaim qualifies as a claim for affirmative relief only if it "allege[s] that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *Quanto Int'l Co. v. Lloyd,* 897 S.W.2d 482, 486 (Tex.App.-Houston [1st Dist.] 1995, no writ) (citing *Gen. Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex. 1990)).

█ If Pace's counterclaim states a claim for affirmative relief, the trial court abused its discretion by dismissing the entire case. *See id.* In determining whether the trial court properly interpreted the counterclaim as lacking a request for affirmative relief, we note the trial court has "broad discretion when interpreting plead-

ings so long as the interpretation is 'reasonable and consistent with the nature and character of the pleadings.'" *Secure Comm., Inc. v. Anderson,* 31 S.W.3d 428, 432 (Tex.App.-Austin 2000, no pet.) (quoting *In re Bokeloh,* 21 S.W.3d 784, 790 (Tex.App.-Houston [14th Dist.] 2000, no pet.)). In the context of contract claims, affirmative relief is sought when the defendant, beyond denying that a breach of contract occurred, also asks the trial court to interpret an ongoing contract to forestall disputes that might occur in the future.[3] Artful pleading to present affirmative defenses in the form of a declaratory judgment counterclaim is not sufficient. *Leon Springs Gas Co.,* 961 S.W.2d at 577.

█ Pace's counterclaim seeks "a declaration that any alleged partnership or joint venture relationship ... terminated on September 11, 2000, at the latest." This is no more than a restatement of Pace's defense that either no agreement existed, or in the alternative, any agreement terminated in 2000. Pace claims it also requested the trial court determine any ongoing obligations of the parties if the trial court found a valid continuing agreement. The trial court rejected this interpretation of the counterclaim. The main thrust of the counterclaim is the existence of the partnership, an issue that would have been resolved within the context of Pace's defense to the lawsuit.[4] We agree that Pace did not set forth an independent request for relief.[5]

Further, Pace's right to recover attorney's fees is dependent upon its showing

---

**3.** *See BHP Petroleum Co.,* 800 S.W.2d at 841 (plaintiff's suit was for breach of contract but defendant's counterclaim sought interpretation of *force majeure* clause in continuing royalty contract); *see also Gillman v. Davidson,* 934 S.W.2d 803, 804 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding) (Hedges, J., dissenting) (discussing cases regarding affirmative counterclaims for relief).

**4.** The fact that Resendez may assert future claims arising out of the same set of circumstances is not alone sufficient to entitle Pace to declaratory judgment absent a continuing relationship. *Howell v. Mauzy,* 899 S.W.2d 690, 706–07 (Tex.App.-Austin 1994, writ denied).

**5.** Although Resendez argues the trial court dismissed the counterclaim on the merits, we find this argument unpersuasive. In the

that the counterclaim is a claim for affirmative relief. Because the counterclaim was properly dismissed, the claim for attorney's fees was properly dismissed. *See Leon Springs Gas Co.*, 961 S.W.2d at 578 (request for attorney's fees must be in conjunction with underlying claim for relief); *Howell*, 899 S.W.2d at 706 (counterclaim stating no new controversy but seeking attorney's fees is improper).

### Conclusion

We hold Resendez had the right to take a non-suit of his claims even after the hearing on Pace's no-evidence motion for summary judgment, so long as the trial court had not ruled. Further, the trial court did not abuse its discretion in denying Pace's counterclaim and request for attorney's fees because the counterclaim failed to state an independent claim for affirmative relief.[6] Accordingly, the trial court's judgment is affirmed.

---

hearing to determine whether the counterclaim should be reinstated, the trial court specifically stated the counterclaim was denied because it did not state a claim for affirmative relief.

**6.** Without citation to authority and based on information outside the record, Resendez claims Pace is estopped to challenge the nonsuit because Pace adopted an inconsistent position in another lawsuit. Because we affirm the trial court's judgment, we do not reach the estoppel issue.