**Leonard Wesley ALPHIN, Individually and as Administrator of the Estate of Inez Beatrice Alphin, Deceased, and Larry Paul Alphin, Individually, Appellants,**

v.

**HUGULEY NURSING CENTER, Appellee.**

No. 2–02–067–CV.

Court of Appeals of Texas, Fort Worth.

May 1, 2003.

Norman Maples, Cleburne, for Appellants.

Proctor & Nagorny, P.C., Lori D. Proctor, Donald S. Stephens, Houston, for Appellee.

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In this appeal, appellants Leonard Wesley Alphin, individually and as administrator of the estate of Inez Beatrice Alphin, deceased, and Larry Paul Alphin, individually, challenge the trial court's dismissal of all their claims against appellee Huguley Nursing Center under article 4590i of the Texas Medical Practices and Liability Act. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(a)(3) (Vernon Supp.2003). We affirm.

## Background

On July 27, 2000, appellants filed a healthcare liability claim against appellee for the injuries and death of Inez Alphin, which occurred while in appellee's nursing home. In addition to their claims for negligence and wrongful death, appellants asserted claims for malice and gross negligence, civil conspiracy, and fraud due to a "knowing violation" of Texas Penal Code section 22.04. TEX. PENAL CODE ANN. § 22.04 (Vernon 2003). Appellants sought compensatory damages and exemplary damages for their claims.

 Appellants filed an expert report dated September 21, 1999 prepared by Bill H. Puryear, D.O., P.A., and appellants filed an affidavit/expert report dated December 15, 2000 by the same physician containing the same information, but pur-

porting to add his curriculum vitae.[1] In September 2001, appellee filed a motion to dismiss under article 4590i for failure to timely provide an adequate expert report to the appellee. The trial court held a hearing on the motion to dismiss on November 9, 2001 and ruled in favor of appellee. The trial court entered an order granting appellee's motion to dismiss on November 15, 2001, and signed an order of dismissal on December 6, 2001.[2]

## Waiver

■ In appellants' second issue, they claim that appellee waived its right to file its motion to dismiss under section 13.01. We disagree. First, the statute places no time constraints upon a defendant to challenge the adequacy of a report. *See* TEX. REV.CIV. STAT. ANN. art. 4590i. Secondly, we do not agree that the time lapse in filing the motion here indicates a desire on appellee's part to waive its right to object as was the case in *Langley v. Jernigan,* which appellants rely on for support. 76 S.W.3d 752, 756–57 (Tex.App.-Waco 2002, pet. filed); *see also Doades v. Syed,* 94 S.W.3d 664, 672 (Tex.App.-San Antonio 2002, no pet.). We overrule appellants' second issue.

## Health Care Claims

■ In appellants' third and fourth issues, they complain that because they are not subject to dismissal under article 4590i, the trial court erred in dismissing their civil conspiracy claim and their intentional tort claim based on the Texas Penal Code. Again, we disagree. A plaintiff may not recast a health care claim under a different theory and avoid application of the report requirements of article 4590i, section 13.01(r)(6). *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (Tex.1994); *Hart v. Wright,* 16 S.W.3d 872, 877 (Tex.App.-Fort Worth 2000, pet. denied); *Savage v. Psychiatric Inst., Inc.,* 965 S.W.2d 745, 751 (Tex.App.-Fort Worth 1998, pet. denied). Appellants' third and fourth issues are overruled. We now turn to the primary issue before us, the adequacy of the reports and the trial court's dismissal of appellants' claims.

■ We review a trial court's dismissal under article 4590i, section 13.01(r)(6), under an abuse of discretion standard. *Am. Transitional Care Ctrs., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001); *Horsley–Layman v. Angeles,* 90 S.W.3d 926, 928 (Tex.App.-Fort Worth 2002, pet. denied). Because appellants' report was due on or before January 23, 2001, we may consider the first two reports. Expert reports are required to reflect a "fair summary of the expert's opinions about the applicable standard of care, the manner in which the care failed to meet that standard, and the causal relationship between that failure and the claimed injury." *Palacios,* 46 S.W.3d at 878 (citing TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(r)(6)). We are to look to the four corners of the document to determine whether the report represents a good-faith effort to comply with these statutory requisites. *Id.* In this case, we conclude the trial court did not

1. We note there is no curriculum vitae attached to the second report or in the appellate record. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d)(1).

2. Appellant contends it filed an additional expert report on November 8, 2001, before the November 15 hearing. However, as pointed out by appellee, that report is not in the record on appeal and we cannot consider it on appeal because we cannot determine whether the trial court considered it. *Till v. Thomas,* 10 S.W.3d 730, 734 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Additionally, we note that this final expert report was prepared outside the 180–day time limit imposed under article 4590i, section 13.01(d).

abuse its discretion in ordering a dismissal under section 13.01(e)(3). Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e)(3). As asserted in appellee's motion to dismiss, the reports failed to set forth the standard of care for a nursing home, how appellee allegedly breached that standard, or the causal relationship between a breach of that standard and the decedent's injuries. Likewise, neither report represents a good-faith effort to provide a fair summary of all the elements required by sections 13.01(*l*) and 13.01(r)(6). Id. §§ 13.01(*l*), 13.01(r)(6); see *Horsley–Layman,* 90 S.W.3d at 930. Neither report informs the appellee of the specific conduct the appellants have called into question or provides a basis for the trial court to conclude the claims have merit. See *Horsley–Layman,* 90 S.W.3d at 930. We overrule appellants' first issue.

## Conclusion

Having overruled all of appellants' issues and concluded the trial court did not abuse its discretion in dismissing appellants' claims, we affirm the judgment of the trial court.