Karan Ruth MOSELEY, M.D. and Arlington Memorial Hospital Alliance, Inc. d/b/a Arlington Memorial Hospital, Appellants,

v.

Randy BEHRINGER and Stephanie Behringer, Individually and as Next Friends of Macie Behringer, a minor, Appellees.

No. 2–04–215–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 19, 2006.

Wallach, Andrews & Stouffer, P.C., J. Wade Birdwell and Robin B. Kinsel, Fort Worth, for Appellant Moseley.

Gwinn & Roby, Sheree L. McCall and Jenifer L. Balch, Dallas, for Appellant Arlington Memorial Hospital.

Michael J. Whitten, Denton, for Appellees.

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In this appeal appellants contend that the trial court erred in failing to grant their motions to dismiss the health care liability claims against them with prejudice as required by the Texas Medical Liability and Insurance Improvement Act (medical liability act) in effect at the time of this suit.[1]

### Background Facts

Appellees, Randy and Stephanie Behringer, individually and on behalf of their minor daughter, Macie, filed medical liability claims against appellant Karan Ruth Moseley, M.D. and Arlington Memorial Hospital Alliance, Inc. d/b/a Arlington Memorial Hospital related to Macie's premature birth. The Behringers claimed that Dr. Moseley failed to timely diagnose and treat Stephanie for a prenatal infection that caused Macie's premature birth along with her pre- and neonatal injuries.

The medical liability act in effect at the time required a claimant to provide a medical expert report outlining the claims against the health care provider along with the curriculum vitae of the expert to opposing counsel within 180 days of filing suit. TEX.REV.CIV. STATS. ANN. art. 4590i,

---

1. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen. Laws 985, 985–87, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp.2005)). All section references in this opinion are to the 1995 version of Texas Revised Civil Statutes article 4590i, the medical liability act, which was in effect at the time this suit was filed and will be referred to as the "1995 version" or "former version."

§ 13.01(d)(1) (1995 version). That provision also required the claimant to either timely provide the expert report or voluntarily dismiss the suit against the health care provider within that time period. *Id.* § 13.01(d)(2). Appellees filed suit on August 29, 2003, so their deadline for filing their medical expert reports or voluntarily dismissing was February 25, 2004.[2] As of March 8, 2004 appellees had not filed their reports so both appellants filed motions to dismiss with prejudice under former section 13.01(e). Section 13.01(e) allowed defendants to seek dismissals with prejudice, attorney's fees, and costs as sanctions for the plaintiff's failure to comply with one or the other of the 180–day requirements. *Id.* § 13.01(e).

Appellees, the claimants, did not file a response to these defense motions until April 8, 2004, the day of the hearing on appellants' motion to dismiss with prejudice. In their response, appellees also asked the trial court to grant them a "§ 13" extension of time to file their expert reports.

During the April 8 hearing, the trial court heard evidence and arguments on appellants' section 13.01(e) motions to dismiss with prejudice. Appellees argued against dismissal with prejudice, claiming that due to a prior seventy-five-day abatement, the time to file an expert report was extended seventy-five days until May 10, 2004. Alternatively, appellees pursued their request for a section 13.01(g) grace period extension to file their report.[3] *Id.* § 13.01(g). The trial court made no ruling on the record that day.

On April 15, 2004, appellees filed another motion asking the trial court to grant appellants a previously denied motion to dismiss without prejudice based upon appellees' original failure to provide the required sixty-day presuit notice. The trial court held a hearing on this motion on May 14, 2004. During this hearing, appellees also *orally* moved to nonsuit their claims against both appellants under procedural rule 162. TEX.R. CIV. P. 162. In closing, appellees' counsel claimed the trial court had three options: 1) deny appellants' current motions to dismiss with prejudice and grant appellees a thirty-day 13.01(g) extension; 2) grant appellees' earlier motion to dismiss without prejudice—appellees' preference; or 3) grant a rule 162 nonsuit subject to sanctions.

The trial court granted both of appellants' motions to dismiss, in part, for appellees' failure to timely file their expert report but granted appellees' oral motion for nonsuit *without prejudice* to appellees' right to refile, option three. The trial court further denied appellees' motion to extend time to file their expert reports. But the trial court awarded appellants attorney fees and costs against appellees as monetary sanctions, all as allowed by the medical liability act. *See* TEX.REV.CIV. STATS. ANN. art. 4590i, § 13.01(e)(1) (1995 version). In summary, the trial court granted appellees' oral motion for nonsuit, denied appellees' motion for extension of time to file their expert report, and granted appellants' dismissal motions in part— without prejudice—but with the other

---

**2.** Although appellees' original petition is file marked September 2, 2003, the record shows that appellees and appellants agreed that the petition was mailed August 29, 2003 but was *not received by the trial court until* September 2, 2003. Thus, the parties agreed that the petition was deemed filed August 29, 2003. *See* TEX.R. CIV. P. 5.

**3.** Their motion does not clearly indicate whether they were seeking a 13.01(f) or (g) extension, but during the hearing appellees' counsel clarified that he was seeking a thirty-day grace period extension under section 13.01(g).

sanctions appellants requested. Both health care providers appealed the trial court's refusal to grant them dismissals *with prejudice* in accordance with the medical liability act. *See id.* § 13.01(e)(3). This is the sole basis of their appeals.[4]

## Issue Presented

When a trial court is faced with a health care provider's section 13.01(e)(3) motion to dismiss with prejudice for the claimant's failure to timely provide an expert report, followed by a claimant's motion for extension of time to file an expert report or, alternatively, motion for voluntary nonsuit, may the trial court grant a nonsuit or dismissal *without prejudice* to refiling the claim, and award section 13.01 sanctions? The issue in this case highlights the interplay among several rights accorded litigants: the right of a claimant to nonsuit any claim at virtually any point in litigation, the statutory right of a claimant to request an extension of time to file an expert report, and the statutory right of a health care provider to pursue a dismissal *with prejudice*, as a sanction, when a claimant fails to follow the statutory provisions that govern the claim.

## Standards of Review

### Nonsuit

■ The granting of a nonsuit is a ministerial act. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982) (orig.proceeding) (interpreting rule 164, rule 162's predecessor, and granting mandamus relief). "A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative

relief." *Id.* A trial court therefore has no discretion but to grant the nonsuit unless the defendant has previously sought affirmative relief. *Id.; see also In re Martinez*, 77 S.W.3d 462, 464 (Tex.App.-Corpus Christi 2002, orig. proceeding); *In re Bridges*, 28 S.W.3d 191, 195 (Tex.App.-Fort Worth, 2000, orig. proceeding). "[I]n the ordinary case, absent special statutory provisions, a plaintiff has an absolute right to take a nonsuit." *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex.1991) (orig.proceeding).

### Dismissal

■ We review a trial court's decision to grant or deny a dismissal under section 13.01(e) for abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex.2001); *see also Ballan v. Gibson*, 151 S.W.3d 281, 283 (Tex.App.-Dallas 2004, no pet.); *Jones v. Ark–La–Tex*, 141 S.W.3d 790, 792 (Tex. App.-Texarkana 2004, no pet.); *Lookshin v. Feldman*, 127 S.W.3d 100, 103 (Tex. App.-Houston [1st Dist.] 2003, pet. denied); *Pfeiffer v. Jacobs*, 29 S.W.3d 193, 195–96 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). This court has previously followed the abuse of discretion review approved in *Palacios*. *Petrus–Bradshaw v. Dulemba*, 158 S.W.3d 630, 632–33 (Tex. App.-Fort Worth 2005, pet. denied); *Ehrlich v. Miles*, 144 S.W.3d 620, 623–24 (Tex. App.-Fort Worth 2004, pet. denied); *Alphin v. Huguley Nursing Ctr.*, 109 S.W.3d 574, 576 (Tex.App.-Fort Worth 2003, no pet.).

## Discussion

■ As we have previously held, the medical liability act was passed to curtail frivolous claims against health care provid-

---

4. We also note that appellees have filed neither a notice of appeal nor briefs in this matter. *See* Tex.R.App. P. 25.1, 33.1(d).

ers. *Hart v. Wright*, 16 S.W.3d 872, 876 (Tex.App.-Fort Worth 2000, pet. denied); *see also Palacios*, 46 S.W.3d at 878. To further that goal, the act requires a claimant to timely furnish medical expert reports minimally establishing the elements of such claim *or* voluntarily nonsuit its claim within 180 days. *See* Tex.Rev.Civ. Stats. Ann. art. 4590i, § 13.01(d) (1995 version). "Within 180 days of filing suit, the claimant *shall*, for each ... health care provider against whom a claim is asserted" provide the expert report *or voluntarily nonsuit the action. Id.* (emphasis added). If the claimant fails to comply with either requirement within the statutorily-prescribed 180 days, the provider may seek dismissal *with prejudice* of the claim as well as recover reasonable attorney fees incurred in defending the claim plus costs of court as a sanction. *Id.* § 13.01(e). If such a motion is properly filed after the report's due date, the trial court "shall" dismiss the claim "with prejudice." *Id.; see also Martinez v. Lakshmikanth*, 1 S.W.3d 144, 148 (Tex.App.-Corpus Christi 1999, pet. denied) (holding motion to dismiss required no de facto automatic dismissal with prejudice occurs on 181st day).

■ Historically, the use of the word "shall" connotes a mandatory directive to a court to do something. *See, e.g., Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001); *Palacios*, 46 S.W.3d at 877; *Hawkins v. Dallas County Hosp. Dist.*, 150 S.W.3d 535, 540–41 (Tex.App.-Austin 2004, no pet.); *In re E.D.L.*, 105 S.W.3d 679, 686 (Tex.App.-Fort Worth 2003, pet. denied); *In re Collom & Carney Clinic, Assoc.*, 62 S.W.3d 924, 927–28 (Tex.App.-Texarkana 2001, orig. proceeding). Likewise, the code construction act defines "shall" as imposing a duty to do some act. Tex. Gov't Code Ann. § 311.016(2) (Vernon 2005). Courts have consistently and repeatedly interpreted the word "shall" to be

a mandatory directive, and our supreme court has specifically interpreted it in that manner in the context of a court's duty to dismiss with prejudice under section 13.01(e). *Palacios*, 46 S.W.3d at 877, 880. This court has also interpreted section 13.01(e) to be mandatory. *Hart*, 16 S.W.3d at 876 (holding when a plaintiff fails to timely file an expert report the trial court has no discretion but to order dismissal). Thus, the medical liability act contains two mandatory directives to the claimant, and one to the court: the claimant "shall" file its expert report timely or it "shall" voluntarily nonsuit its claim within 180 days of filing suit, if the claimant fails to timely follow these directives, the court "shall," on proper motion from a health care provider, dismiss the claim with prejudice. *See Martinez*, 1 S.W.3d at 148–49 (recognizing that 4590i, section 13.01(e) essentially creates a "race to the courthouse" on the 181st day between the claimant to file a voluntary nonsuit and the defendant to file a motion to dismiss with prejudice); *see also Jones v. Khorsandi*, 148 S.W.3d 201, 203 (Tex.App.-Eastland 2004, no pet.) (same).

However, the common law, along with rule 162 of the rules of procedure, has historically also required courts to honor a plaintiff's absolute right to a nonsuit or to voluntarily dismiss, either in writing or orally, so long as a defendant has not pursued any affirmative claim for relief. Tex.R. Civ. P. 162; *see generally In re C.A.S.*, 128 S.W.3d 681, 685–86 (Tex.App.-Dallas 2003, no pet.); *Le v. Kilpatrick*, 112 S.W.3d 631, 633–34 (Tex.App.-Tyler 2003, no pet.); *Pace Concerts, Ltd. v. Resendez*, 72 S.W.3d 700, 702 (Tex.App.-San Antonio 2002, pet. denied).

Rule 162 allows a plaintiff to dismiss or nonsuit its case at any time before the plaintiff has introduced all of its evidence. Tex.R. Civ. P. 162. The rule also specifi-

cally provides that a plaintiff's nonsuit cannot "prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed." *Id.* It continues, "A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal." *Id.*

Courts that have addressed these competing interests have held that a trial court has no authority to grant a nonsuit without prejudice or voluntary dismissal of a medical liability claim when the 180–day time period has expired and a provider has filed a motion to dismiss with prejudice as a statutorily authorized sanction. *See Puls v. Columbia Hosp. at Med. City Dallas Subsidiary,* 92 S.W.3d 613, 619 (Tex.App.-Dallas 2002, pet. denied) (holding trial court properly dismissed with prejudice as a sanction as to those claims for which claimants failed to timely file report when claimants filed nonsuits to those claims after a motion to dismiss had been filed); *Hagedorn v. Tisdale,* 73 S.W.3d 341, 345–47 (Tex.App.-Amarillo 2002, no pet.) (holding trial court retained authority to rule on section 13.01(e) motion for dismissal with prejudice because it was filed before claimants filed their nonsuit); *see also Mokkala v. Mead,* 178 S.W.3d 66, 76 (Tex.App.-Houston [14th Dist.] 2005, pet. filed) (holding that amended provision of act dictates that it trumps right of claimant to nonsuit and refile for purposes of calculating or tolling deadline for filing expert report); *Buruato v. Mercy Hosp. of Laredo,* 2 S.W.3d 385, 388 (Tex.App.-San Antonio 1999, pet. denied) (holding once section 13.01(e) motion filed only way plaintiff can

avoid it is by filing a grace period request under 13.01(g)).

The language of the statute compels this conclusion; otherwise the directive to claimants to either timely file their reports or to timely voluntarily nonsuit their claims would be superfluous. Tex.Rev.Civ. Stats. Ann. art. 4590i, § 13.01(d), (e) (1995 version).[5] To allow a claimant to file a nonsuit after 180 days if the provider has already sought a dismissal with prejudice would eliminate this statutory directive. We conclude that this provision of the medical liability act must, in this instance, trump the normally absolute right of a claimant to seek a nonsuit under procedural rule 162. *See Johnstone v. State,* 22 S.W.3d 408, 409 (Tex.2000) (holding that when procedural rule of court conflicts with legislative enactment, the rule must yield). We hold that former section 13.01(e) requires a trial court to dismiss a medical liability claim *with prejudice* if the claimant has failed to file an expert report or voluntarily nonsuit its claims within 180 days when the health care provider has filed a motion to dismiss that is countered by the claimant's subsequent rule 162 motion for nonsuit. Tex.Rev.Civ. Stats. Ann. art. 4590i, § 13.01(e) (1995 version). Thus, after expiration of the 180–day time period, a claimant may not voluntarily nonsuit its claim against a health care provider while the provider's previously filed section 13.01(e) motion is pending. *See Jones,* 148 S.W.3d at 204 (holding defendant entitled to dismissal with prejudice because claimant did not show his motion for nonsuit was filed before defendant's motion for dismissal with prejudice); *Hagedorn,* 73 S.W.3d at 346 (same); *Buruato,* 2 S.W.3d at 388 (same).

---

**5.** Additionally, we note that the current version of the medical liability act requires this result. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.002(a) (Vernon 2005). It specifically states, "In the event of a conflict between this chapter and another law, *including a rule of procedure* or evidence or court rule, this chapter controls to the extent of the conflict." *Id.* (emphasis added); *see also Mokkala,* 178 S.W.3d at 73.

As a result, at the time of the hearing in this case the trial court had only two options: it could have dismissed with prejudice or it could have granted appellees' request for a grace period extension under section 13.01(g). *See* Tex.Rev.Civ. Stats. Ann. art. 4590i, § 13.01(g) (1995 version). Because it denied appellees' request for a grace period extension and appellees have not claimed trial court error in refusing this request by either asserting this as a cross-point in a brief[6] or by filing their own notice of appeal,[7] we cannot address whether the trial court erred in denying their request.

For this reason, we conclude and hold that the trial court erred in granting appellees' nonsuit and abused its discretion in denying appellants' motion for dismissal with prejudice. We sustain appellant Arlington Memorial Hospital Alliance, Inc. d/b/a Arlington Memorial Hospital's sole issue, and we sustain both of appellant Moseley's issues.

## Conclusion

Having sustained appellants' issues, we reverse the trial court's nonsuit of appellees' claims. We affirm the dismissal in appellants' favor but reform the judgment so that the dismissal granted in favor of appellants is with prejudice. We affirm the trial court's judgment awarding sanctions in favor of appellants and in all other respects.

---

6. *See* Tex.R.App. P. 33.1, 38.1(e); *Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 449 (Tex.1998) (holding appellate court cannot reverse on unassigned error); *Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex.1987) (holding appellate court erred by considering unassigned points of error); *Wal–Mart Stores, Inc. v. Kelley,* 103 S.W.3d 642, 645 (Tex.App.-Fort Worth 2003, no pet.) (holding appellate court cannot reverse absent properly assigned error).

7. *See* Tex.R.App. P. 25.1(c); *see also Brooks v. Northglen Assoc.,* 141 S.W.3d 158, 171 (Tex. 2004) (holding party who seeks to alter trial court judgment must file a notice of appeal); *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.,* No. 03–03–00631–CV, —— S.W.3d ——, ——, 2005 WL 1489681, at *10 (Tex.App.-Austin June 23, 2005, no pet. h.) (same); *City of Houston v. Boyle,* 148 S.W.3d 171, 175 n. 5 (Tex.App.-Houston [1st Dist.] 2004,—no pet.) (same); *Anderson v. Long,* 118 S.W.3d 806, 809 (Tex.App.-Fort Worth 2003, no pet.) (same).