DISSENTING OPINION TO DENIAL OF EN BANC REVIEW

No. 04-05-00274-CV

REGENT CARE CENTER OF SAN ANTONIO II, LTD. PARTNERSHIP

d/b/a Regent Care Center of Oakwell Farms and RCCSA II, Inc.,

Appellants

v.

Barbara HARGRAVE, Individually

and as Executrix of the Estate of Dorothy Montgomery,

and Vernon Lloyd Pierce, Individually ,

Appellees

From the 150th Judicial District Court, Bexar County, Texas

Trial Court No. 2002-CI-16541

Honorable Lori Massey, (1) Judge Presiding




Panel Opinion by: Rebecca Simmons, Justice

Dissenting opinion by: Sarah B. Duncan, Justice (joined by Phylis J. Speedlin, Justice)



Sitting: Alma L. López , Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons , Justice



Delivered and Filed: June 28, 2006

 The threshold issue in this appeal is jurisdiction, specifically whether an order granting a plaintiff's motion for a nonsuit
with prejudice moots the defendant's appeal of the trial court's earlier order denying the defendants' motion for statutory
sanctions (dismissal with prejudice, attorney's fees, and costs) for the plaintiffs' failure to either serve an expert report or
take a nonsuit within 180 days after they filed a health care liability claim. The panel dismisses the appeal for lack of
jurisdiction, holding a nonsuit taken after the motion to dismiss was denied moots the appeal. However, even if an appeal is
"otherwise moot," "a dispute concerning attorney's fees preserve[s] a live controversy" and precludes mootness. In re
Kellogg Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005) (citing Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642
(Tex. 2005)). Regent Care's claim for statutorily-mandated sanctions (attorney's fees and costs) thus "preserve[s] a live
controversy." Id.; see Moseley v. Behringer, 184 S.W.3d 829 (Tex. App.-Fort Worth 2006, no pet.). 

 In Moseley, the Fort Worth Court of Appeals considered the merits of the defendants' appeal of an order that granted the
defendants' motion for statutory sanctions in part (attorney's fees and costs) but denied the defendants' motion to dismiss
with prejudice and instead granted the plaintiffs' subsequent oral motion for a nonsuit without prejudice. See id. at 831.
Recognizing that "a trial court has no authority to grant a nonsuit without prejudice or voluntary dismissal of a medical
liability claim when the 180-day time period has expired and a provider has filed a motion to dismiss with prejudice as a
statutorily authorized sanction," id. at 834, the Fort Worth Court of Appeals held "the trial court erred in granting [the
plaintiffs' oral motion for a] nonsuit and abused its discretion in denying [the defendants'] motion for dismissal with
prejudice." Id. at 835. As the court recognized, "[t]he language of the statute compels this conclusion; otherwise the
directive to claimants to either timely file their reports or to timely voluntarily nonsuit their claims would be superfluous."
Id. at 834. In so doing, the court implicitly recognizes that, although the appeal presented only one point of dispute between
the parties - whether the nonsuit should have been with or without prejudice - that one point of dispute "preserved a live
controversy" and vested the court with jurisdiction to decide the appeal. So it is here.

 In my view, the panel's opinion in this appeal incorrectly decides an important issue of appellate jurisdiction and invites
future abuse of the statutory scheme for the handling of health care liability claims by permitting a plaintiff who fails to
comply with the 180-day deadline to control whether a defendant may appeal an order denying any part of the
statutorily-mandated sanctions. I therefore requested en banc consideration of this appeal. A majority of the court has voted
to deny en banc consideration. I dissent.

 Sarah B. Duncan, Justice



1. The Honorable Lori Massey, judge of the 288th Judicial District Court, Bexar County, Texas, signed the order granting
nonsuit and the severance order; however, the Honorable Martha Tanner, judge of the 166th Judicial District Court, Bexar
County, Texas, signed the orders denying appellants' motions for statutory sanctions.