Opinion filed May 17, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed May 17, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00005-CV

                                                    __________

 

                  BIRDELL 
DAUGHTERY AND LESLIE DAUGHTERY,

       INDIVIDUALLY
AND AS REPRESENTATIVES OF THE ESTATE OF

                          RETA
DAUGHTERY, DECEASED, Appellants

 

                                                             V.

 

              DAVID
SCHIESSLER, CRNA AND ABILENE
DIAGNOSTIC

                                        CLINIC,
P.L.L.C., Appellees

 



 

                                          On
Appeal from the 42nd District Court

                                                          Taylor County,
Texas

                                                  Trial
Court Cause No. 46250-A

 



 

                                                                   O
P I N I O N

 








This appeal involves the dismissal of a health
care liability claim based upon the plaintiffs=
failure to provide an expert report within the 120-day period mandated by Tex. Civ. Prac. & Rem. Code Ann. ' 74.351 (Vernon Supp. 2006).  The issue is whether the taking of a nonsuit
affects the time period within which to comply with Section 74.351.  The plaintiffs, Birdell Daughtery and Leslie
Daughtery, individually and as representatives of the Estate of Reta Daughtery,
deceased, filed suit against David Schiessler, CRNA and Abilene Diagnostic
Clinic, P.L.L.C. (defendants).  After the
plaintiffs took a nonsuit and filed a second suit against the defendants, the
defendants filed a motion to dismiss pursuant to Section 74.351.  The trial court granted the motion, dismissed
the case with prejudice, and awarded attorney=s
fees to the defendants in the amount of $13,500.[1]  The plaintiffs appeal from the trial court=s order of dismissal.  We affirm. 

The plaintiffs present one issue on appeal contending
that the trial court=s
order of dismissal should be reversed because (1) the trial court
misinterpreted the plain meaning of Section 74.351; (2) the trial court failed
to acknowledge the effect of the nonsuit; and (3) dismissal was an improper,
excessive sanction.  The plaintiffs argue
specifically that they had a right to take a nonsuit, that the defendants
failed to seek affirmative relief prior to the nonsuit, that the nonsuit
extinguished the running of the 120-day period with respect to the first
petition and caused the first suit to Alegally
>vanish[],=@ and that the filing of the second
petition began the process anew.

We must review a trial court=s order on a motion to dismiss under an
abuse of discretion standard.  Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Kendrick
v. Garcia, 171 S.W.3d 698, 702-03 (Tex. App.CEastland
2005, pet. denied).  A trial court abuses
its discretion if it acts without reference to any guiding rules or principles
or acts in an arbitrary or unreasonable manner. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42
(Tex.
1985).  When reviewing matters committed
to a trial court=s
discretion, an appellate court may not substitute its own judgment for that of
the trial court.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex.
1992).  However, a trial court has no
discretion in determining what the law is or in applying the law to the
facts.  Id. at 840.  

At the time this cause of action accrued,[2]
Section 74.351 provided in relevant part: 

(a) In a health care liability claim, a claimant
shall, not later than the 120th day after the date the claim was filed, serve
on each party or the party=s
attorney one or more expert reports, with a curriculum vitae of each expert
listed in the report for each physician or health care provider against whom a
liability claim is asserted. . . .








 

(b) If, as to a defendant physician or health care
provider, an expert report has not been served within the period specified by
Subsection (a), the court, on the motion of the affected physician or health
care provider, shall . . . enter an order that:

 

(1) awards to the affected physician or health
care provider reasonable attorney=s
fees and costs of court incurred by the physician or health care provider; and

 

(2) dismisses the claim with respect to the
physician or health care provider, with prejudice to the refiling of the claim.

 

The record in this case shows that the plaintiffs
filed their first original petition on February 1, 2005, and that they
nonsuited these claims 122 days later on June 3, 2005.  At the time of the nonsuit, the plaintiffs
had not provided an expert report and the defendants had not filed a motion to
dismiss or a request for attorney=s
fees.  Because the defendants had no
pending claims for affirmative relief, the plaintiffs were entitled to take a
nonsuit pursuant to Tex. R. Civ. P.
162.  On July 5, 2005, the plaintiffs
filed a second original petition that contained the same allegations as the
first petition.  On July 29, 2005, the
defendants filed a motion to dismiss and requested statutory sanctions pursuant
to Section 74.351 based upon the plaintiffs=
failure to comply with the expert-report requirement within 120 days of filing
the first petition.  The plaintiffs sent
their expert information to the defendants on August 24, 2005, within 120 days
of filing their second petition.  The
trial court granted the defendants=
motion on October 18, 2005.

We hold, as did the court in Mokkala v. Mead,
178 S.W.3d 66 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied), that the 120-day period in Section 74.351 does
not recommence upon the refiling of a previously nonsuited claim.  See also Empowerment Options, Inc. v.
Easley, No. 09-06-00148-CV, 2006 WL 3239527 (Tex. App.CBeaumont Nov. 9, 2006, pet. filed)
(mem. op.).  The 120-day period begins
when the claim is first filed.  To
interpret Section 74.351 otherwise would thwart the legislature=s intent in enacting that section.  If we were to hold as the plaintiffs suggest,
medical malpractice claimants would be able to file a petition, take a nonsuit
anytime prior to the health care provider=s
filing of a motion to dismiss, file another petition, take another nonsuit,
etc. until the running of limitations. 
We do not believe the legislature intended such a result.  








Furthermore, we do not find any conflict between
Rule 162 and Section 74.351.  The
plaintiffs availed themselves of the use of Rule 162 and took a nonsuit, as
they had a right to do.  Upon refiling,
however, the plaintiffs subjected themselves to the legislative mandates regarding
health care liability claims.  Moreover,
even if Rule 162 and Section 74.351 were in conflict, Section 74.351 would
control.  Tex. Civ. Prac. & Rem. Code Ann. '
74.002(a) (Vernon 2005); Moseley v. Behringer, 184 S.W.3d 829, 834 (Tex.
App.CFort
Worth 2006, no pet.); see also Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000). 

Section 74.351(a) required that the plaintiffs
serve the defendants with an expert report Anot
later than the 120th day after the date the claim was filed.@ 
The claim was filed on February 1, 2005, when the plaintiffs filed their
first petition.  Thus, when the
defendants filed their motion to dismiss more than 120 days after the date the
claim was filed, the trial court had no discretion to do anything other than
dismiss the case with prejudice and award attorney=s
fees as required by Section 74.351(b), which provides that the trial court Ashall@
dismiss with prejudice and award attorney=s
fees.  The sanctions in this case,
although harsh, were mandated by the legislature and were explicitly set out in
Section 74.351 so that any health care liability claimant would be put on
notice of the consequences for failing to timely provide an expert report.  Therefore, we cannot hold that the dismissal
was an improper or excessive sanction.  We
overrule the plaintiffs=
issue.

The trial court=s
order is affirmed.  

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

May 17, 2007

Panel
consists of:  Wright, C.J.,

McCall, J., and McCloud, S.J.[3]











[1]We note that the plaintiffs also sued ARMC, L.P. d/b/a Abilene Regional Medical
 Center and Triad-ARMC,
L.L.C. and that the trial court also dismissed these claims with prejudice and
awarded $15,000 in attorneys= fees.  The
plaintiffs= appeal as to the ARMC defendants was dismissed by
agreement of the parties on July 13, 2006.





[2]We note that the first sentence of subsection (a) has
since been amended to substitute Athe
original petition was filed@ for Athe claim was filed.@





[3]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.