**LaQuida Ranay BALLAN, Individually, and on Behalf of All Wrongful Death Beneficiaries and Heirs, and as Independent Executrix of the Estate of Erik Ballan, Appellant,**

v.

**Gary GIBSON, M.D., Appellee.**

No. 05–03–01619–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 2004.

Jeffrey H. Rasansky, Law Office of Jeffrey H. Rasansky, P.C., Robert Edward Wolf, Dallas, for Appellant.

Charles Kirk Aris, Gwinn & Roby, Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice BRIDGES.

In this medical malpractice case, LaQuida Ranay Ballan, appeals the trial court's order dismissing the claims against Gary Gibson, M.D., related to the death of his patient, Mr. Erik Ballan. Ballan contends the trial court erred in dismissing the case for failure to provide an expert report in compliance with section 13.01 of Article 4590i of the Texas Revised Civil Statutes, the Medical Liability and Insurance Improvement Act.[1] We affirm the trial court's judgment.

This suit was filed on September 20, 2002, and Ballan timely filed the expert reports of Jeffery Michael Kopita, M.D. and Ethan Podet, M.D. Gibson filed a motion challenging the adequacy of both expert reports. After a hearing on the motion, the trial court, in a memorandum dated June 9, 2003, sustained Gibson's challenge to the reports, but granted Bal-

---

1. Article 4590i was repealed by the 78th Legislature, effective September 1, 2003. This case was filed before article 4590i was repealed.

lan a 30–day grace period to file reports in compliance with section 13.01. Thereafter, on July 10, 2003, Ballan filed Kopita's July 6, 2003 report and Podet's June 5, 2003 report. Citing section 13.01(e), Gibson filed a motion to dismiss reasserting his challenge to the sufficiency of the reports under section 13.01(r)(6). Ballan filed a response and presented another report from Podet dated August 4, 2003, with an attached certificate of service for August 7, 2003. After hearing on October 2, 2003, the trial court dismissed the case with prejudice, as provided by section 13.01(e).

■ Section 13.01(d) of the Act requires a plaintiff asserting a health care liability claim to submit an expert report, along with the expert's curriculum vitae, to each defendant physician no later than the 180th day after filing suit. *See* Tex.Rev. Civ. Stat. Ann. Art. 4590i § 13.01(d) (Vernon Supp.2003). Section 13.01(r)(6) defines an expert report as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician ... failed to meet the standards, and the causal relationship between the failure and the injury, harm or damages claimed."

"A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report...." *See* Tex.Rev.Civ. Stat. Ann. Art. 4590i § 13.01(*l*)(Vernon Supp.2003). We review a trial court's decision on a motion challenging an expert report and a motion to dismiss a case under section 13.01(e) for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877–78 (Tex.2001). Under this standard, we defer to the trial court's determination of the facts, but review questions of law *de novo. See Knie v. Piskun* 23 S.W.3d 455, 461 (Tex.App.-Amarillo 2000, pet. denied).

■ To constitute a good faith effort, the expert report must provide the defendant a fair summary of the expert's opinions with respect to each of the requirements set forth in section 13.01(r)(6), *i.e.,* a standard of care, breach of that standard, and causation. *Palacios,* 46 S.W.3d at 878–79. A report can not be a good faith effort if it omits any of the statutory elements. *Id.* at 879. The report must fulfill dual purposes: (1) inform the defendant of the specific conduct the plaintiff has called into question, and (2) provide a basis for the trial court to conclude that the claims have merit. *Id.* In determining if the report constitutes a good faith effort, the trial court's inquiry is limited to the four corners of the report. *Id.* at 878.

■ We have reviewed Kopita's July 6, 2003 report and we conclude it does not represent a good faith effort to comply with the statutory definition of an expert report. From Kopita's two-page report, we learn that Mr. Ballan died in the emergency room while undergoing CPR by EMS and that, according to the autopsy, the cause of death was arteriosclerotic cardiovascular disease. Kopita states Mr. Ballan had five untreated cardiac risk factors: (1) tobacco abuse, (2) hyperlipidemia, (3) possible hypertension, (4) obesity, and (5) possible diabetes mellitus. Kopita states the standard of care includes counseling on smoking cessation and diet, an exercise regimen, cholesterol lowering medications, treatment for elevated blood pressure and evaluation for glucose intolerance. Concerning three of the possible risk factors, Kopita asserts that Gibson was negligent in his failure: (1) to treat hyperlipidemia with lipid lowering agents, (2) to determine if the patient had glucose intolerance or diabetes mellitus, and (3) to

diagnose hypertension. Kopita asserts that "based on reasonable medical probability," Gibson's negligence was a proximate cause of Mr. Ballan's death.

 In defense of the report, Ballan argues that Kopita is an expert. However, whether or not Kopita was qualified as an expert in this case, his report is not sufficient to comply with the requirements of section 13.01(r)(6).[2] Kopita's report describes an individual in poor heath, who died in an emergency room, with at least five different risk factors that could have contributed or caused his death. Some factors, such as tobacco abuse and body weight, were beyond the control of Gibson and may have played a significant role in the cause of death. Kopita does not state how Gibson's alleged failure to act regarding three of the risks caused Mr. Ballan's death, nor does he rule out the factors beyond Gibson's control as the cause of death. His statement regarding causation is conclusory and does not "provide a basis for the trial court to conclude that the claims have merit." *Palacios,* 46 S.W.3d at 879.

Podet's June 5, 2003 report is also deficient. It contains no statement regarding Gibson's breach of the standard of care, nor does it state how any action on the part of Gibson caused Mr. Ballan's death. We will not consider his August 7, 2003 report because it was furnished to counsel beyond the 30-day grace period. *See* Tex.Rev.Civ. Stat. Ann. Art. 4590i § 13.01(f) (Vernon Supp.2003); *see also Richburg v. Wolf,* 48 S.W.3d 375, 378 (Tex. App.-Eastland 2001, pet. denied)(untimely

supplemental report can not cure defects in original report).

We find that both expert reports are deficient, and we conclude the trial court did not abuse its discretion in granting the motion to dismiss this case. We affirm the trial court's judgment.

---

2. The trial court's October 2, 2003 memorandum listing two "findings" regarding Kopita's status as an expert does not act as a limitation on this Court's review of the report in its entirety. A dismissal under section 13.01(e) is in the nature of a sanction. *See Am. Transi-* *tional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001) Findings of fact are not required in such a case and should not be considered on appeal. *See IKB Industries(Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 442–43.