COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-215-CV

 

 

KARAN RUTH MOSELEY, M.D. AND                                     APPELLANTS

ARLINGTON
MEMORIAL HOSPITAL

ALLIANCE,
INC. D/B/A ARLINGTON MEMORIAL

HOSPITAL

 

                                                   V.

 

RANDY BEHRINGER AND STEPHANIE                                      APPELLEES

BEHRINGER,
INDIVIDUALLY AND AS NEXT

FRIENDS
OF MACIE BEHRINGER, A MINOR

 

                                              ------------

 

            FROM
THE 17TH  DISTRICT COURT
OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








In this appeal appellants
contend that the trial court erred in failing to grant their motions to dismiss
the health care liability claims against them with prejudice as required by the
Texas Medical Liability and Insurance Improvement Act (medical liability act)
in effect at the time of this suit.[1]  

                                        Background Facts

Appellees, Randy and
Stephanie Behringer, individually and on behalf of their minor daughter, Macie,
filed medical liability claims against appellant Karan Ruth Moseley, M.D. and
Arlington Memorial Hospital Alliance, Inc. d/b/a Arlington Memorial Hospital related
to Macie=s premature birth.  The
Behringers claimed that Dr. Moseley failed to timely diagnose and treat
Stephanie for a prenatal infection that caused Macie=s premature birth along with her pre- and neonatal injuries.








The medical liability act in
effect at the time required a claimant to provide a medical expert report
outlining the claims against the health care provider along with the curriculum
vitae of the expert to opposing counsel within 180 days of filing suit.  Tex.
Rev. Civ. Stats. Ann. art. 4590i, ' 13.01(d)(1) (1995 version). 
That provision also required the claimant to either timely provide the expert
report or voluntarily dismiss the suit against the health care provider within
that time period.  Id. ' 13.01(d)(2).  Appellees filed
suit on August 29, 2003, so their deadline for filing their medical expert reports
or voluntarily dismissing was February 25, 2004.[2]  As of March 8, 2004 appellees had not filed
their reports so both appellants filed motions to dismiss with prejudice under
former section 13.01(e).  Section
13.01(e) allowed defendants to seek dismissals with prejudice, attorney=s fees, and costs as sanctions for the plaintiff=s failure to comply with one or the other of the 180-day
requirements.  Id. ' 13.01(e).

Appellees, the claimants, did
not file a response to these defense motions until April 8, 2004, the day of
the hearing on appellants= motion to
dismiss with prejudice.  In their
response, appellees also asked the trial court to grant them a A' 13A extension
of time to file their expert reports.








During the April 8 hearing,
the trial court heard evidence and arguments on appellants= section 13.01(e) motions to dismiss with prejudice.  Appellees argued against dismissal with
prejudice, claiming that due to a prior seventy-five-day abatement, the time to
file an expert report was extended seventy-five days until May 10, 2004.  Alternatively, appellees pursued their
request for a section 13.01(g) grace period extension to file their report.[3]  Id. ' 13.01(g).  The trial court made
no ruling on the record that day.

On April 15, 2004, appellees
filed another motion asking the trial court to grant appellants a previously
denied motion to dismiss without prejudice based upon appellees= original failure to provide the required sixty-day presuit
notice.  The trial court held a hearing
on this motion on May 14, 2004.  During
this hearing, appellees also orally moved to nonsuit their claims
against both appellants under procedural rule 162.  Tex.
R. Civ. P. 162.  In closing,
appellees= counsel
claimed the trial court had three options: 
1) deny appellants= current
motions to dismiss with prejudice and grant appellees a thirty-day 13.01(g)
extension; 2) grant appellees= earlier motion to dismiss without prejudiceCappellees= preference;
or 3) grant a rule 162 nonsuit subject to sanctions.








The trial court granted both
of appellants= motions to
dismiss, in part, for appellees= failure to timely file their expert report but granted appellees= oral  motion for nonsuit without
prejudice to appellees= right to refile, option three. 
The trial court further denied appellees= motion to extend time to file their expert reports.  But the trial court awarded appellants
attorney fees and costs against appellees as monetary sanctions, all as allowed
by the medical liability act.  See
Tex. Rev. Civ. Stats. Ann. art.
4590i, ' 13.01(e)(1) (1995 version).  In
summary, the trial court granted appellees= oral motion for nonsuit, denied appellees= motion for extension of time to file their expert report, and granted
appellants= dismissal
motions in partCwithout
prejudiceCbut with the
other sanctions appellants requested. 
Both health care providers appealed the trial court=s refusal to grant them dismissals with prejudice in accordance
with the medical liability act.  See
id. ' 13.01(e)(3).  This is the sole
basis of their appeals.[4]


                                          Issue Presented








When a trial court is faced
with a health care provider=s section 13.01(e)(3) motion to dismiss with prejudice for the
claimant=s failure to timely provide an expert report, followed by a claimant=s motion for extension of time to file an expert report or,
alternatively, motion for voluntary nonsuit, may the trial court grant a
nonsuit or dismissal without prejudice to refiling the claim, and award
section 13.01 sanctions?  The issue in
this case highlights the interplay among several rights accorded
litigants:  the right of a claimant to
nonsuit any claim at virtually any point in litigation, the statutory right of
a claimant to request an extension of time to file an expert report, and the
statutory right of a health care provider to pursue a dismissal with
prejudice, as a sanction, when a claimant fails to follow the statutory
provisions that govern the claim.

                                      Standards of Review

Nonsuit








The granting of a nonsuit is
a ministerial act.  Greenberg v.
Brookshire, 640 S.W.2d 870, 872 (Tex. 1982) (orig. proceeding)
(interpreting rule 164, rule 162's predecessor, and granting mandamus
relief).  AA plaintiff=s right
thereto exists from the moment a written motion is filed or an oral motion is
made in open court unless the defendant has, prior to that time, filed
pleadings seeking affirmative relief.@  Id.  A trial court therefore has no discretion but
to grant the nonsuit unless the defendant has previously sought affirmative
relief.  Id.; see also In re Martinez,
77 S.W.3d 462, 464 (Tex. App.CCorpus Christi 2002, orig. proceeding); In re Bridges, 28
S.W.3d 191, 195 (Tex. App.CFort Worth, 2000, orig. proceeding). 
A[I]n the ordinary case, absent special statutory provisions, a
plaintiff has an absolute right to take a nonsuit.@  Hooks v. Fourth Court of
Appeals, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding).

Dismissal

We review a trial court=s decision to grant or deny a dismissal under section 13.01(e) for
abuse of discretion.  Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001); see
also Ballan v. Gibson, 151 S.W.3d 281, 283 (Tex. App.CDallas 2004, no pet.); Jones v. Ark-La-Tex, 141 S.W.3d 790, 792
(Tex. App.CTexarkana
2004, no pet.); Lookshin v. Fledman,  127
S.W.3d 100, 103 (Tex. App.CHouston [1st Dist.] 2003, pet. denied); Pfeiffer v. Jacobs, 29
S.W.3d 193, 195-96 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  This court has previously followed the abuse
of discretion review approved in Palacios.  Petrus-Bradshaw v. Dulemba, 158 S.W.3d
630, 632-33 (Tex. App.CFort Worth
2005, pet. denied); Ehrlich v. Miles, 144 S.W.3d 620, 623-24 (Tex. App.CFort Worth 2004, pet. denied); Alphin v. Huguley Nursing Ctr.,
109 S.W.3d 574, 576 (Tex. App.CFort Worth 2003, no pet.).

                                             Discussion








As we have previously held,
the medical liability act was passed to curtail frivolous claims against health
care providers.  Hart v. Wright, 16
S.W.3d 872, 876 (Tex. App.CFort Worth 2000, pet. denied); see also Palacios, 46 S.W.3d at
878.  To further that goal, the act
requires a claimant to timely furnish medical expert reports minimally
establishing the elements of such claim or voluntarily nonsuit its claim
within 180 days.  See Tex. Rev. Civ. Stats. Ann. art. 4590i, ' 13.01(d) (1995 version).  AWithin 180 days of filing suit, Athe claimant shall, for each . . . health care provider against
whom a claim is asserted@ provide the
expert report or voluntarily nonsuit the action.  Id. (emphasis added).  If the claimant fails to comply with either
requirement within the statutorily-prescribed 180 days, the provider may seek dismissal
with prejudice of the claim as well as recover reasonable attorney fees
incurred in defending the claim plus costs of court as a sanction.  Id. ' 13.01(e).  If such a motion is
properly filed after the report=s due date, the trial court Ashall@ dismiss the
claim Awith prejudice.@  Id.; see also Martinez v. Lakshmikanth,
1 S.W.3d 144, 148 (Tex. App.CCorpus Christi 1999, pet. denied) (holding motion to dismiss required
no de facto automatic dismissal with prejudice occurs on 181st day).








Historically, the use of the
word Ashall@ connotes a
mandatory directive to a court to do something. 
See, e.g., Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.
2001); Palacios, 46 S.W.3d at 877; Hawkins v. Dallas County Hosp.
Dist., 150 S.W.3d 535, 540-41 (Tex. App.CAustin 2004, no pet.); In re E.D.L., 105 S.W.3d 679, 686 (Tex.
App.CFort Worth 2003, pet. denied); In re Collom & Carney Clinic,
Assoc., 62 S.W.3d 924, 927-28 (Tex. App.CTexarkana 2001, orig. proceeding). 
Likewise, the code construction act defines Ashall@ as imposing
a duty to do some act.  Tex. Gov=t Code Ann. ' 311.016(2) (Vernon 2005). 
Courts have consistently and repeatedly interpreted the word Ashall@ to be a
mandatory directive, and our supreme court has specifically interpreted it in
that manner in the context of a court=s duty to dismiss with prejudice under section 13.01(e).  Palacios, 46 S.W.3d at 877, 880.  This court has also interpreted section
13.01(e) to be mandatory.  Hart, 16
S.W.3d at 876 (holding when a plaintiff fails to timely file an expert report
the trial court has no discretion but to order dismissal).  Thus, the medical liability act contains two
mandatory directives to the claimant, and one to the court: the claimant Ashall@ file its
expert report timely or it Ashall@ voluntarily
nonsuit its claim within 180 days of filing suit, if the claimant fails to
timely follow these directives, the court Ashall,@ on proper
motion from a health care provider, dismiss the claim with prejudice.  See Martinez, 1 S.W.3d at 148-49
(recognizing that 4590i, section 13.01(e) essentially creates a Arace to the courthouse@ on the 181st day between the claimant to file a voluntary nonsuit and
the defendant to file a motion to dismiss with prejudice); see also Jones v.
Khorsandi, 148 S.W.3d 201, 203 (Tex. App.CEastland 2004, no pet.) (same).








However, the common law,
along with rule 162 of the rules of procedure, has historically also required
courts to honor a plaintiff=s absolute right to a nonsuit or to voluntarily dismiss, either in
writing or orally, so long as a defendant has not pursued any affirmative claim
for relief.  Tex. R. Civ. P. 162; see generally In re C.A.S.,
128 S.W.3d 681, 685-86 (Tex. App.CDallas 2003, no pet.); Le v. Kilpatrick, 112 S.W.3d 631, 633-34
(Tex. App.CTyler 2003,
no pet.); Pace Concerts, Ltd. v. Resendez, 72 S.W.3d 700, 702 (Tex. App.CSan Antonio 2002, pet. denied).

Rule 162 allows a plaintiff
to dismiss or nonsuit its case at any time before the plaintiff has introduced
all of its evidence.  Tex. R. Civ. P. 162.  The rule also specifically provides that a
plaintiff=s nonsuit
cannot Aprejudice the right of an adverse party to be heard on a pending claim
for affirmative relief or excuse the payment of all costs taxed.A  Id.  It continues, AA dismissal under this rule shall have no effect on any motion for
sanctions, attorney=s fees or
other costs, pending at the time of dismissal.A  Id.








Courts that have addressed
these competing interests have held that a trial court has no authority to
grant a nonsuit without prejudice or voluntary dismissal of a medical liability
claim when the 180-day time period has expired and a provider has filed a
motion to dismiss with prejudice as a statutorily authorized sanction.  See Puls v. Columbia Hosp. at Med. City
Dallas Subsidiary, 92 S.W.3d 613, 619 (Tex. App.CDallas 2002, pet. denied) (holding trial court properly dismissed with
prejudice as a sanction as to those claims for which claimants failed to timely
file report when claimants filed nonsuits to those claims after a motion to
dismiss had been filed); Hagedorn v. Tisdale, 73 S.W.3d 341, 345-47
(Tex. App.CAmarillo
2002, no pet.) (holding trial court retained authority to rule on
section13.01(e) motion for dismissal with prejudice because it was filed before
claimants filed their nonsuit); see also Mokkala, v. Mead, Nos.
14-04-00708-CV, 14-04-00845-CV, 2005 WL 1377766, at *8 (Tex. App.CHouston [14th Dist.] June 2, 2005, pet. filed) (holding that amended
provision of act dictates that it trumps right of claimant to nonsuit and
refile for purposes of calculating or tolling deadline for filing expert
report); Buruato v. Mercy Hosp. of Laredo, 2 S.W.3d 385, 388 (Tex. App.CSan Antonio 1999, pet. denied) (holding once section 13.01(e) motion
filed only way plaintiff can avoid it is by filing a grace period request under
13.01(g)).  













The language of the statute
compels this conclusion; otherwise the directive to claimants to either timely
file their reports or to timely voluntarily nonsuit their claims would be
superfluous.  Tex. Rev. Civ. Stats. Ann. art. 4590i, ' 13.01(d), (e) (1995 version).[5]  To allow a claimant to file a nonsuit after
180 days if the provider has already sought a dismissal with prejudice would
eliminate this statutory directive.  We
conclude that this provision of the medical liability act must, in this
instance, trump the normally absolute right of a claimant to seek a nonsuit
under procedural rule 162.  See
Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000) (holding that when
procedural rule of court conflicts with legislative enactment, the rule must
yield).  We hold that former section
13.01(e) requires a trial court to dismiss a medical liability claim with
prejudice if the claimant has failed to file an expert report or
voluntarily nonsuit its claims within 180 days when the health care provider
has filed a motion to dismiss that is countered by the claimant=s subsequent rule 162 motion for nonsuit.  Tex.
Rev. Civ. Stats. Ann. art. 4590i, ' 13.01(e) (1995 version).  Thus,
after expiration of the 180-day time period, a claimant may not voluntarily
nonsuit its claim against a health care provider while the provider=s previously filed section 13.01(e) motion is pending.  See Jones, 148 S.W.3d at 204 (holding
defendant entitled to dismissal with prejudice because claimant did not show
his motion for nonsuit was filed before defendant=s motion for dismissal with prejudice); Hagedorn, 73
S.W.3d at 346 (same); Buruato, 2 S.W.3d at 388 (same).

As a result, at the time of
the hearing in this case the trial court had only two options: it could have
dismissed with prejudice or it could have granted appellees= request for a grace period extension under section 13.01(g).  See Tex.
Rev. Civ. Stats. Ann. art. 4590i, ' 13.01(g) (1995 version).  Because it denied appellees= request for a grace period extension and appellees have not claimed
trial court error in refusing this request by either asserting this as a
cross-point in a brief[6]
or by filing their own notice of appeal,[7]
we cannot address whether the trial court erred in denying their request. 








For this reason, we conclude
and hold that the trial court erred in granting appellees= nonsuit and abused its discretion in denying appellants= motion for dismissal with prejudice. 
We sustain appellant Arlington Memorial Hospital Alliance, Inc. d/b/a
Arlington Memorial Hospital=s sole issue, and we sustain both of appellant Moseley=s issues. 

                                     Conclusion

Having sustained appellants= issues, we reverse the trial court=s nonsuit of appellees= claims.  We affirm the
dismissal in appellants= favor but
reform the judgment so that the dismissal granted in favor of appellants is
with prejudice.  We affirm the trial
court=s judgment awarding sanctions in favor of appellants and in all other
respects.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:  January 19, 2006











[1]See Act
of May 5, 1995, 74th Leg., R.S., ch. 140, ' 1, sec. 13.01, 1995 Tex.
Gen. Laws 985, 985-87, repealed by Act of June 2, 2003, 78th Leg., R.S.,
ch. 204, '
10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon Supp. 2005)).  All section
references in this opinion are to the 1995 version of Texas Revised Civil
Statutes article 4590i, the medical liability act, which was in effect at the
time this suit was filed and will be referred to as the A1995
version@ or Aformer
version.@





[2]Although
appellees=
original petition is file marked September 2, 2003, the record shows that
appellees and appellants agreed that the petition was mailed August 29, 2003
but was not received by the trial court until September 2, 2003.  Thus, the parties agreed that the petition
was deemed filed August 29, 2003.  See
Tex. R. Civ. P. 5.





[3]Their
motion does not clearly indicate whether they were seeking a 13.01(f) or (g)
extension, but during the hearing appellees= counsel clarified that he
was seeking a thirty-day grace period extension under section 13.01(g). 





[4]We
also note that appellees have filed neither a notice of appeal nor briefs in
this matter. See Tex. R. App. P.
25.1, 33.1(d).

 





[5]Additionally,
we note that the current version of the medical liability act requires this
result.  See Tex. Civ. Prac. & Rem. Code Ann. '
74.002(a) (Vernon 2005).  It specifically
states, AIn
the event of a conflict between this chapter and another law, including a
rule of procedure or evidence or court rule, this chapter controls to the
extent of the conflict.@  Id. (emphasis added); see also
Mokkala, 2005 WL 1377766, at *6.





[6]See Tex. R. App. P. 33.1, 38.1(e); Pat Baker
Co. v. Wilson, 971 S.W.2d 447, 449 (Tex. 1998) (holding appellate court
cannot reverse on unassigned error); Allright, Inc. v. Pearson, 735
S.W.2d 240, 240 (Tex. 1987) (holding appellate court erred by considering
unassigned points of error); Wal-Mart Stores, Inc. v. Kelley, 103 S.W.3d
642, 645 (Tex. App.CFort
Worth 2003, no pet.) (holding appellate court cannot reverse absent properly
assigned error).





[7]See Tex. R. App. P. 25.1(c); see also
Brooks v. Northglen Assoc., 141 S.W.3d 158, 171 (Tex. 2004) (holding party
who seeks to alter trial court judgment must file a notice of appeal); Tex.
Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc., No. 03-03-00631-CV,
2005 WL 1489681, at *10 (Tex. App.CAustin June 23, 2005, no pet.
h.) (same); City of Houston v. Boyle, 148 S.W.3d 171, 175 n.5 (Tex. App.CHouston
[1st Dist.] 2004, _no pet.) (same); Anderson v. Long, 118 S.W.3d 806,
809 (Tex. App.CFort
Worth 2003, no pet.) (same).