IN THE TWELFTH COURT OF APPEALS

FOR THE STATE OF TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District
FEB 2 2015
TYLER TEXAS
CATHY S. LUSK, CLERK

KENNETH CRISSUP

CAUSE NO. 12-15-00027cv

VS.

WILLIAM STEPHENS,ET AL

ORAL ARGUEMENT REQUESTED

LIST OF PARTIES

DEFENDANTS

1. Todd A. Foxworth-Last Known Address,Michaels Unit
   2664 FM 2054,Tennessee Colony Tx.75886-Counsel for defendant
   Attorney General State of Texas

2  Pamela Kirkpatrick C/O Michaels Unit,2664 FM 2054
   Tennessee Colony Tx.75886-Counsel for defendant
   Attorney General State of Texas

3  Eboni G. Brown C/O Michaels Unit- 2664 FM 2054 ,Tennessee
   Colony Tx.75886-Counsel for defendant,Attorney General
   State of Texas

4. Dr.Gary Wright C/O Michaels Unit,2664 FM 2054
   Tennessee Colony Tx.75886-Counsel for defendant
   Attorney General State of Texas

5  Ms. Lisa Garrett/Property Offiecer-C/O Michaels Unit
   2664 FM 2054,Tennessee Colony Tx.75886-Counsel for defendant
   Attorney General State of Texas

6. William Stephens-Director ,Texas department of criminal Justice
   PO BOX 99,Huntsville Tx 77342-Counsel for defendant
   Attorney General State of Texas

PLAINTIFF

!. Kenneth Crissup-TDCJ #1258732 C/O Michaels Unit
   2664 FM 2054 Tennessee Colony Tx 75885

(a)

# TABLE OF CONTENTS

1.   PARTIES..................................................PG (a)

2.   TABLE OF CONTENTS.......................................PG (b)

3.   INDEX OF AUTHORITIES....................................PG (c)

4.   STATEMENT OF CASE.......................................PG (d 1-2)

5.   STATEMENT REGARDING ORAL ARGUEMENT......................PG (e)

6.   _ ISSUES PRESENTED......................................PG (f1-2)

7.   STATEMENT OF FACTS......................................PG 1-2

8.   SUMMARY OF ARGUEMENT ...................................PG ( h 1-3 )

9.   ARGUEMENT/BRIEF.........................................PG 1-8

10.  PRAYER..................................................PG 1.

11.  CERTIFICATE OF SERVICE................................. PG 1

# INDEX OF AUTHORITIES

1.    BOHANNON V. TEXAS BOARD OF CRIMINAL JSUTICE

      942 S.W.2d.113 ( Tex.App.Austin 1997 )...................PG 1,2

2.    IN RE WILSON 932 S.W.2d.263 ( Tex.App.El PAso 1996 )...PG 2

3.    JACKSON V. LYNAUGH 796 S.W. 2d.705 ( Tex.App. 1990 )...PG 1

4.    KLEVIN V. TEXAS DEPARTMENT OF CRIMINAL JUSTICE

      335 S.W.3d.112 ( Tex.App. Texarkana 2000 ).............PG 1,4

5.    LEON SPRINGS GAS CO. V. REST.EQUIP. LEASING CO.

      961 S.W.2d 574 ( Tex. App. San Antonio 1997)...........PG 2

6.    RIVER V. QUARTERMAN 505 F.3d.344 ( 5th Cir.2007 )......PG 6

7.    SAWYER V. TEXAS DEPARTMENT OF CRIMINAL JUSTICE

      983 S.W.2d.310 ( Tex.App.-Houston 1st District 1998 )..PG 2

8.    ZIMS V. SATE OF TEXAS 55 S.W.3d.379 (Tex.App.1997 )....PG 8

## INDEX OF STATUTES ,CODES ,PROCEDURES

1.    GOVERNMENT CODE §501.007................................PG 1,2

2.    TEXAS CIVIL PRACTICE & REMEDIES CODE §14.004...........PG 3,6,8

3.    TEXAS CIVIL PRACTICE & REMEDIES CODE §14.005(b).......PG 3,6,8

4.    TEXAS RULES CIVIL PROCEDURE 296........................PG 6

5.    TEXAS CIVIL PRACTICE & REMEDIES CODE §14.005(1),(2)....PG 7,8

6.    TEXAS CIVIL PRACTICE & REMEDIES CODE §14.005(c)........PG 7,8

Appellant filed grievances according to Texas Department of Criminal Justice policy.Grievances were returned on December25,2012. On October 16,2012 ,Appellant mailed to Travis County,427th Judicial District a 'Writ of Mandamus',Seeking compliance with contract terms and policies as outlined in TDCJ inmate property policies. The writ sought both compliance with policies and injunctive relief. In a seperate cause of action ,Appellant , mailed to Anderson County a small claims action seeking monetary damages for loss of property and breach of contract.To date ,Anderson county district court has failed to assign a case number. On November 19,2012,The Third Court of Appeals was forwarded erroneously ,Appellants, Writ of Mandamus and assigne cause No. 03-12-00761-CV.An affidavit of indigency and the required Trust fund statement was forwarded to the district court ,but was lost due to clerical error,when the Clerk ,erroneaously forwarded the Filing to the Appellate Court. On May 21,2013, the Appellate Court corrected the mistake and returned the case to the 200th District Court cause no. D-1-GN-001702.

On July 15,2013,Defendants filed it's Original Answer with a motion to transfer Venue.

On June 3,2013 Apellant providedthe Court with a second affidavit of indigency and Trust Statement. Additionally On May 31,2013 ,Appellant,filed his amended complaint.On July 24,2013 ,Appellant ,filed an inmate declaration pursuant §14.004 Civ.Prac. & Rem.Code.

On July 15,2013 ,Appellant,filed a motion for emergency Injunction.

1.

On July 22,2103 ,Defendants filed a Motion to dismiss. Based on infirmities regarding compliance with §14 Ciiv.Prac.Rem.Code.

On July 31,2013,Appellant ,filed a response to defendants motion to dismiss.

On August 7,2013,Appellant filed a motion for temporary injunction.

On August9,2013,Appellant,filed a response to defendants answer,objection to defendants motion to transfer venue and a motion to consolidate the Anderson County small claims action.

On September 17,2013,The Trial Court held a telephonic hearing in which the Court denied defendants motion to dismiss and Granted defendants motion to transfer venue.

On November 7,2013 Anderson County assigned cause no.349 7261.

Without hearing,or notice to Appellant,it appeared that the Trial Court enteredjudgment in favor of defendants.Consequently, Appellant filed a Notice of Appeal with the Twelfth Court of Appeals cause no.12-14-00251-CV.Actual judgment was not rendered by the Trial Court however until October 27,2014.Appellant,prematurely filed a Notice of Appeal.

On November 10,2014 in cause no.12-14-00251-CV,the Court entered a mandate for the premature appellate filing.

On November 5,2014,Appellant requested the Trial court for the 349th Judicial District issue it's 'Findings of Facts and conclusions of law' Pursuant to Rule 296 Civil Procedure.

Appellant now files his appeal after actual judgment has been rendered.

2.

## STATEMENT REGARDING ORAL ARGUEMENT

Apellant hereby requests oral arguement through a telphonic hearing.

(e)

## GROUNDS FOR REVIEW

1. Did the Trial Court abuse it's discretion when it dismissed Plaintiff's complaint without holding any hearings?

2. Did the Trial Court deny Appellant effective due process when it dismissed the complaint for failure to comply with §14.004 & §14.005(b) of the Texas Civil Practice and Remedies Code ,When in fact Plaintiff was in compliance prior to Defendants Motion to transfer venue from the 200th Judicial District to the 349th Judicial District being heard on September 17,2013. The Court Granted defendants motion to transfer venue,but denied defendants motion to dismiss fro non-compliance with §14.004 & §14.005(b), because the Court was in possession of the appropriate documents as required by the code.Additionally,Appellant had supplied the Court with replacement documents that were lost or misfiled due to the clerical error when the complaint/ Writ of Mandamus was improperly forwarded to the Appellate Court.

3. Did the Court abuse it's discretion and violate civil procedure when it dismissed Appellant's complaint and found the claim to be frivolous or maliciuos when in fact the amended complaint clearly states a valid claim for violation of due process in either confiscating or losing Appellants property.,failure to adhere to contractual obligations in storing Appellants property, committing a breach of contract,then denying access to due process when Appellant asserted his contractual rights,and further violated his due process rights by denying medical care and ot threatening Appellant with varioous forms of retaliation.

1.

4. Has the Trial court denied Appellant meaningful due process by refusing to issue the requested findings of facts and conclusions of law pursuant to Rule 296 of the Texas Civil Procedure/

5. Did the Trial Court commit a fundamental error when it determined incorrectly that Appellant failed to comply with §14.005(b) of the Texas Civil Practice and Remedies Code,when the original petition for writ of mandamus was filed on or about October 16,2012 and the Step 2 Grievances # 2012207384 & 2012201024 were not returned to Appellant until December 25,2012,thereby invoking a stay Pursuant to §14.005(c).Additional Grievances were filed after the initiation of the lawsuit and were only supportive of the necessity to issue emergency injunctive relief.

6. Did the Trial Court neglect it's duty and demonstrate judicial. bias when it refused to schedule any hearings to determine if the sought aftere injunctive relief should be granted?

STATEMENT OF FACTS

Appellant possessed property in accordance with TDCJ policy.Upon being transferred from the Ellis Unit to the Michaels Unit the property Officer Lisa Garrett wrongfully confiscated property belonging to Appellant.Appellant filed step 1 and step 2 grievances in an attempt to recover the property to no avail.

In a seperate incident,Appellant, left the Micheals Unit on Medical chain to Galveston.Prior to leaving his property was inventoried in accordance with TDCJ policy.Appellant was given a carbon copy of the inventory and the original was maintained in TDCJ custody and control. Upon return to the Michaels Unit ,numerous items were missing that were listed on the carbon copy in Appelalnts possession.teh original in TDCJ custody had been altered showing that the items were crossed out.Alterations to the original are not permitted after the copy has been signed fro.Appellant filed Step 1&2 Grievances.PROP-5 form used by TDCJ is  a contract of bailment that specifies damages if the listed property is not returned or damaged while in TDCJ custody and control.During the investigation into the missing property,Appellant was threatened,intimidated,embarrassed and prevented from maintaining his carbon copy in his possession.

As further form of harrassment,medical personnel deprived him of appropriate care as a form of harrassment for exercising his rights to redress before the Court.Dr. Gary Wright made specific comments that indicated his actions were a direct result of Appellants ,filing lawsuits.

Appellant filed a civil action in Anderson county Small Claims Court seeking damages for the loss of hsi property.the Court never assigned a cause number or acknowledged the mailing of the suit. As the Court is aware,the Michaels Unit has a history of the mailroom

1.

disposing of inmate mail,especially mail being sent to Anderson County.

Appellant also filed an Original Petition for Mandamus relief in Travis County,seeking numerous Orders including adherence to TDCJ policy regarding claims placed by inmates fro property issues.

The Travis Court transferred Appellants case to Anderson County, upon Granting a motion to transfer venue by the defendants.The Travis Court also denied defendnats motion to dismiss for non-compliance with Texas Civil Practice & Remedies Code §14.004 due to the confusion created by the District Clerk when she forwarded Appellants initial mandamus filing to the Appellate Court.

The Anderson District Court has been reluctant to schedule any hearings regarding Appellants complaints,nor has it conducted any evidentiary hearings to determine facts in question.tne Court has further denied Appellant the courtesy of supplying him with its findings of facts and conclusions of law as requested per Tex.Civ. Proc.Ruel 296 in order for Appelaint to understand how the Court has derived at such an erroneous ruling and dismissed his case.

# SUMMARY OF CASE

This case is clearly a comedy of errors,some falls on the Appellant,some on the Clerk.Most could have been simply corrected if the Appellant was not in custody.Appellant admits that he did not fully comply with §14.004 Civ.Prac.&Rem.Code upon filing his original writ of mandamus.He did however properly comply with the other procedures mandated by Chapter 14 Civ.Prac.&Rem.Code. When Appellant became aware of the infirmity in his filing,he promptly corrected his error and forwarded the appropriate declaration to the Court.Additionally,he replaced the lost Affidavit of indigency and Trust statement.

All infirmities were corrected prior to the 200th Judicial District conducting it's hearing to decided a transfer of venue.At that time defendants sought to have the complaint/Writ of Mandamus dismissed for non-compliance with Chapter 14.The Court rejected this contention because all required filings were entered into the record prior to the hearing.The Court did however,determine that due to the mixed issues thta the case was a borderline issue of mandamus relief versus a tort cliam.

Defendants never renewed their previous Motion to Dismiss once venue was transferred.Since all appropriate filings were in place prior to Anderson County obtaining jurisdiction,the Court lacked a factual and legal basisis to determine thatAppellant was not in compliance with Chapter 14,because the record so reflects that he was in compliance.

The issue before the Court is simple,once the Court rejects a motion to dismiss and the infirmities claimed had already been corrected ,can a subsequent Court rekindle a previously asserted defense that had been Judicially denied,without the party reasserting the

1.

the defense.

Further,since the infirmities had been corrected promptly, prior to any hearing being conducted on the defendants motion to dismiss,cna the defendants show any harm or prejudice due to Appellants late filing .

The Trial court has erroneously determined that Appellant was not in compliance with §14.005(b).It appears the Court is using the date of the Amended Complaint as the original filing date,rather the the actual filing date,which was actually filed prematurely, because Appellant had not recieved Step 2 Grievance answers until December 25,2012.Due to the Trial Courts ruling to transfer venue and consider Appellants case more of a cause of action under the Tort claims laws,Appellant was forced to clarify his cliams through an amended  complaint,however the basis for both the original and amended complaints rely on contractual law and policy.the only addition is monetary damages for Due Process retaliation claims and medical malpractice.Without the benefit of any evidentiary hearing,the Court may have difficulty understanding the relationship between the clearly differant types of claims,however,Appellant can substantiate the correlation of retalitory conduct for his attempting to assert his contractual rights.

2.

BRIEF

GROEND 1.

Appellants original filing seeking mandamus relief,sought relief by seeking a court order requiring TDCJ to follow its policies and procedures.as well as mandated government code.Furhter,Appellant directly requested the terms of the contract of bailment entered into between TDCJ and Appellant be honored.the issue is a mixed question of law regarding due process. On one hand TDCJ provides a grievance process to submit a claim when TDCJ loses inmates property while it their custody and control.However,this process is routinely manipulated by TDCJ grievance personnel,to avoid laibility for losses,because officers are required to reimburse TDCJ for losses. The issue further relies upon a contract of bailment. Gov.Code §501.007 & PROP-5 form expressly outlines terms and conditions in respect to inmate possession of personal property and TDCJ'S responsibility for losses incurred while in TDCJ custody and control.By entering into such contract,TDCJ and the state of Texas waive any claim of sovereign immunity.

In KLEVIN V. TEXAS DEPT. CRIMINAL JUSTICE 335 S.W.3d,112(TX.APP-TEXARKANA 2000) the Court stated " the Texas Supreme Court has express-ed doubt concerning ,whether a Trial Court may appropriately dismiss a suit only because the claims realistic chance of ultimate success is slight or because it si clear the party cannot prove facts in support of the claim.JACKSON V. LYNAUGH 796 S.W.2d.705-706-07 (TEX.APP. 1990).Practically speaking,therefore the Trial Court is limited to determining whether the claim has an arguable basis in law or fact. BOHANNAN V. TEXAS BOARD CRIMINAL JUSTICE 942 S.W.2d.113,115(TEX.APP. AUSTIN 1997).Where as here the Trial Court dismisses a claim without conducting a fact hearing,we are limited to reviewing only whether the claim had an arguable basis in law. SAWYER V. TEXAS DEPARTMEN&

1.

of Criminal justice 983 S.W.2d.310,311 (Tex.App-Houst.lst dist.1998).
Leon Spring Gas co. V. Rest. Equip. leasing CO 961 S.W.2d. 574,579
(tex.App.-San Anto.1997),Bohannon 942 S.W.2d at 115,In RE Wilson 932
S.W. 2d.263,265 (Tex.App.-El Paso 1996)."

"TDCJ argues that the doctrine of sovereign immunity sheilds it
from liability for negligence claims,except for those claims
where sovereign immunity is specifically waived under Texas Tort
Claims Act.even if TDCJ is correct as we read KLEVENS petition,
he is not claiming that TDCJ is directly or vicariously liable
for the loss of his property.Rather ,he is arguing that it does not
provide meaningful administrative procedures for him to effectuate
his right of recovery under Section §501.007 of the Tex.Gov.Code
and the Constituition of the United States and Texas.KLEVEN is cont-
ending that TDCJ is depriving him of his right to due process of
law.this is not the basis on which TDCJ requested the dismissal.
Sovereign immunity does not prevent the assertion of a claim alleg-
ing that the State deprived a person of property without due process
of law .Bohannon S.W.2d. @ 116."

As in Klevin,Appellant questioned the integrity of the due process
afforded appellant when he requested reimbursement for the lost and or
wrongfully confiscated propert was not returned to him after being placed
in the custody and control of TDCJ while being transported.

2.

Appellant incorporates by reference arguements presents in Ground 1. He further argues that defendants have misrepresented facts of the case and mislead the trial court by submitting an order of dismissal when it knew the motion to dismiss had been previously ruled upon and denied.Further ,the trial court incorrectly determined that appellant did not submit the required declarations pursuant to Tex.Civ.P.& Rem.Code §14.004 & § 14.005(b).Appellant did forward an affidavit of indigency and a 6 month trust statement when he filed his original writ of mandamus. What appellant believes happened was the Clerk,forwarded the writ of mandamus to the appellate court mistakenly.[ See Cleks record]

In a seperate envelope on the same day appellant mailed the writ of mandamus,he submitted the required affidavit of indigency and trust statement pursuant to §14.004.He believes the ,Clerk,at that time did not know what the affidavit and truat staement waS SUBMITTED FOR,BECAUSE THE ACTUAL WRIT WAS FORWARDED TOT HE APPELLATE COURT AND APPELLANT HAD NO ACTIVE CAUSE NUMBERS INTHE DISTRICT.

The Clerk infromed appellant that he needed to file an affidavit of indigency and trust staement.As the correspondence reflects in the court file,appellant referred to his original filing,but submitted a second affidavit and statement.

§14.005(b) requires appellant to fiel his claim against TDCJ no later than 31 days after he receives an answer to his Step 2 Grievance.As the record reflects,Step 2 Grievance # 201229024 & 201207384 were not returned to appellant until December 25,2012. Additional Step 2 Grievance #201295560 was returned November 12,2012, #2012211655 retyrned december12,2012.Given the various claims sub- ,itted,appellant was required to submit seperate grievances as events occured.even given the earliest date of November 12,2012,appellant

was in compliance as the Court of Appeals for the Third District acknowledges receipt of the forwarded writ of mandamus on November 19,2012 and assigned cause no.03-12-00761-CV.

Appellant did file an amended compalint on May 31,2014.Paragraph (1) of the compalint states " Plaintiff hereby incorporates all previously filed compalints,writs fro mandamus ,temporary injunctions as plead and submits the following amendments" by such incorporation, appellant preserves all originally plead complaints and assertions as plead,as well as the original filing date of such claims. Tex. R. Civ.Proc. 63 provides the mechanisim for parties to amend complaints within 7 days of trial.Appellant was in compliance with Ruel 63 and is therefore allowed the benefits and preservation of rights when he filed his 'First Amended Complaint' in a timely manner,as no trial date had been set.

4.

## GROUND 3.

Appellant hereby incorporates all previous paragraphs as plead and furthere states:

The issues and arguements presented in 'KLEVIN' require the Court to apply them when considereing allegations presented in appiellants original writ of mandamus and his amended complaint and determine that the trial court abused its discretion when it determined that appellants complaint was fivolous and without merit,because it presented an argauble basis in law and fact.Further,there was a substantial prima facia evidence to support Sonstitutional violations and deviation from policies,prcedures,Goverment mandated Code and contractual obligations.

## GROUND 4.

Appellant hereby incorporates by reference arguement presented in Ground 1-3 and furthere states:

Rule 296 Tex.Civ.Proc. is afforded to litigants in order to allow insight into a trier of facts [or Judicial decision] determination of an issue of law or fact.For the case at bar, a Due Process violation would occur if the Court found as fact,a matter of fact that is clearly contradicted by the record.

" The protections afforded by procedural due process includes a fair hearing in accord with fundamental fairness,as Justice Powell expalined due process does not require a full trial on the merits,but a process that ........" RIVER V. QUARTERMAN 505 F.3d.344 ( 5th Cir. 2007).

The court made determinations that did Appellant did not comply with Chapter 14 Civ.Prac.& Rem.Code.However,without pointing to any evidence in the record,to substantiate this finding, or conducting any hearing to obtain evidence to support this finding the Court not only enteres judgment in favor of defendants,but refuses to show this Court  or Appellant how it made such an erroneous finding by refusing to issue a "Findings Of Facts and Conclusions of Law" as requested pursuant to rule 296.

6.

Appellant hereby incorporates by reference arguements presented in Grounds 1-5 and further states:

Appellant received return of the Step 2 Grievances on November 12,2012 and december 25,2012 respectively. §14.005(1),(2) requires an inmate fiel an affidavit and copies of grievances. §14.005(b) requires an inmate to fiel a claim within 31 days upon receipt of the answer to a Step 2 Grievance. §14.005 (c) grants an automatic stay of 180 days if the action is filed before receipt of the Step 2 Grievances.The District Clerk forwarded Appellants 'Original Petition' in error to  the Third Court of Appeals.On November 30 ,2012,The Court dismissed Appellants 'Original Petition'.Appellant sought review of the decision,and after litigation,the Court recognized the Clerks error and remanded the case. On MAy 22,2013,the Duitrict Clerk assigned Cause No.D-1-GN-13-001702 inthe 200th Judicial District.SEE CLERK RECORD.On July 31,2013 the Court received additional filings as required by § Chapter 14 from Appelalnt.Due to the confusion created by the Clerks error,the Trial Court excused Appellants delay in filing the required documents pursuant to § Chapter 14 and denied the motion to dismiss for non-suit . [filed July 22,2013] .On September 17,2013 the Court verbally denied defendnats motion to dismiss and Granted defendants motion to transfer venue.To consider otherwise would be a complete lack of Judicial comity and expediancy,because there would be no need to transfer a case that should be dismissed as a matter of law.The Judicial screening process would have required the Court in Travis county to at the least decide if the case was properly filed before it transferred this burden to another jurisdiction.

Appellant incorporates by reference all previous arguements presented in Grounds 1-5 and states further:

Accusations of Judicial Bias are met with a preconceived notion that they are conclusiory when made by an inmate.However,this case speaks for itself.despite the numerous filings requesting 'EMERGENCY INJUNCTIONS' ,NO , Hearings were Held.Without any factual support in the record determinations of non-compliance with §Chapter 14 Civ.Prac.& rem. Code were made, without any regard to the previous rulings by the original court. In ZIMS V. STATE 555 S.W. 3d.378 (TEX.APP. 1977) it states " Judicial Biasif any,standing alone does not constitute error,of course , a defendant may challenge erronoeus rulings made bythe Trial Judge as a result of prejudice,but it would be error in ruling rather than prejudice which would give a defendant a right to compalin"

When the Court makes erroneaous rulings based only on pleadings by an adverse party,without any factual support in the record,bias is demonstrated.Such is the case at bar.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant PRAYS the COURT REMAND the case for Trial, set aside the Judgment of Dismissal and ORDER immediate Hearings on Appellant Temporary Injunctions.

RESPECTFULLY SUBMITTED THIS 29th DAY OF January 2015.

Kenneth Crissup #1258732

1.

# CERTIFICATE OF SERVICE

I,Kenneth Crissup,do hereby certify that a true and correct copy of the following documents were placed in U.S.Mail,First Class, Postage prepaid to the addressee listed below:

## Documents

1.    NOTICE OF APPEAL

2.    INMATE DECLARATION PURSUANT TO §14.004

3.    AFFIDAVIT OF INDIGENCY

4.    APPELLATE BRIEF

## ADDRESSEE

ATTORNEY GENERAL

STATE OF TEXAS

PO BOX 12548

Austin Tx 78711-2548


Mailed this 29 th Day of January ,2015.

Kenneth Crissup